## UNITED STATES, Appellee

### v

## DARRELL C. WEBER, Corporal, U. S. Marine Corps, Appellant

### 20 USCMA 82, 42 CMR 274

No. 23,172

September 4, 1970

*Lieutenant Martin A. Selzer*, JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever*, USMC, and *Commander Michael F. Fasanaro, Jr.*, JAGC, USN, were on the pleadings for Appellee, United States.

### Opinion of the Court

PER CURIAM:

Tried by general court-martial for separate counts of wrongful possession of marihuana and amphetamines, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, the accused was found guilty and sentenced to bad-conduct discharge, confinement at hard labor for twelve months, forfeiture of all pay and allowances, and reduction. The convening authority approved the sentence, and the Court of Military Review, reducing the term of confinement to eight months, affirmed. We have granted the accused's petition for review on the basis that cumulative error present in the record requires reversal of the findings and sentence.

Seldom has a record of trial in this condition survived to this level in the appellate review of military justice matters. From post-trial proceedings, it appears that all were immediately aware that malfunction in the recording equipment resulted in omission of a substantial portion of the proceedings. Indeed, trial counsel, in transmitting the transcript to the law officer for his examination and authentication, conceded that it "was not possible" to correct the errors therein and apologized for its "abhorent [sic]

**82**

condition." The law officer noted that he had corrected the record "as well as I am able," that most of his instructions were left out, but that he had reconstructed the omissions. In a post-trial appellate brief, trial defense counsel invited attention to the deplorable state of the transcript, that thirty-seven pages of the record had to be reformed, and that it took the Government over six months to prepare the final version of the trial, utilizing the services of the appointed reporter, a so-called backup reporter, and several transmittals of the record back and forth between the law officer and the trial counsel. The staff judge advocate discussed the matter, noted that the law officer had closely scrutinized the record, that every effort had been made "to construct an accurate record," and that the law officer's signature authenticated the proceedings as a verbatim record of the trial.

We disagree with the staff judge advocate's conclusion. While the authentication of the record ■■■■ imports verity, such in this case is rebutted conclusively by the conceded facts. Thus, all apparently agreed that the recording equipment malfunctioned, and it was not possible to transcribe the record. In lieu thereof, the proceedings were reconstructed by the trial personnel after the fact. Such is not a verbatim transcript of the trial within the meaning of Article 54, Code, supra, 10 USC § 854. United States v Nelson, 3 USCMA 482, 13 CMR 38 (1953); paragraph 82, Manual for Courts-Martial, United States, 1969 (Revised edition). In consequence, reversible error is present.

Further examination of the record, however, also discloses that numerous incriminatory statements of the accused were received without proof of compliance with the warning required by United States v Tempia, 16 USCMA 629, 37 CMR 249 (1967). In addition, while we do not finally resolve the issue, considerable doubt exists as to whether probable cause was made out for a search of the accused's belongings, evidence of which was introduced during the trial and, in fact, formed the basis of his conviction. See United States v Corson, 18 USCMA 34, 39 CMR 34 (1968), and United States v Price, 17 USCMA 566, 38 CMR 364 (1968).

Faced with a nonverbatim record, improper use of pretrial statements of the accused, and in excess ■■■■ of six months' delay at the convening authority level, we see no reason to put the accused to the harassment of another trial. See United States v Yerger, 1 USCMA 288, 3 CMR 22 (1952).

The decision of the Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. The charge and its specifications are ordered dismissed.