UNITED STATES, Appellee

v

MERRILL G. STACY, Seaman Recruit, U. S. Navy, Appellant

21 USCMA 274, 45 CMR 48

No. 24,559

March 24, 1972

*Lieutenant David G. Grimes, Jr.*, JAGC, USNR, argued the cause for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.*, JAGC, USN, argued the cause for Appellee, United States.

## Opinion of the Court

QUINN, Judge:

Rejecting the accused's contention that a rehearing ordered by the convening authority was illegal, the United States Navy Court of Military Review affirmed his conviction for unauthorized absence and modified the sentence by eliminating the bad-conduct discharge imposed at trial. The Judge Advocate General of the Navy requested review of the correctness of the court's "determination that the rehearing was not rendered invalid by the absence of a summarized record of the original proceedings as required by paragraph 82i, MCM, 1969 (REV.)."

Paragraph 82i, of the Manual for Courts-Martial, United States, 1969 (Revised edition), deals with the loss of the reporter's notes in a general

court-martial "before the record of trial has been prepared." Its provisions also apply to special courts-martial by direction of paragraph 83. Essentially, the paragraph directs preparation of a record of such parts of the trial proceedings as can properly be reconstructed and authentication of the abbreviated record in regular form. However, in recognition of some of the legal consequences of an incomplete transcript, the Manual continues as follows:

> "The fact that such a record does not contain a verbatim transcript of all the proceedings may deprive the accused of his right under the code to a full appellate review of his case and, thus, be a proper reason for disapproving any sentence adjudged [see United States v Nelson, 3 USCMA 482, 13 CMR 38 (1953)], but it shall not preclude the convening authority from ordering a rehearing as to any offense of which the accused was found guilty if the finding is supported by the summary of the evidence contained in the record. In this connection, see 92." [Manual, supra, paragraph 82*i*.]

Initially, the accused was tried by special court-martial on January 22, 1971. Although not specifically identified as such, a group of several writings suggests that it is an abbreviated record of the proceedings. A certificate by the court reporter and one by the convening authority indicate that, at trial, there was a "mechanical malfunction" in the recording device used by the reporter; as a result, what was said at trial was "completely inaudible" and "prevented transcription of either a verbatim or reasonably accurate summarized record of trial." However, it was noted that the sentence adjudged at trial was a bad-conduct discharge, confinement at

hard labor for three months, and forfeiture of $95.00 per month for three months. Confronted with this situation, the convening authority ordered a rehearing, directing that, in the event of conviction, the sentence could not exceed that in the abbreviated record.

According to the accused, the convening authority was precluded from ordering a rehearing because the findings of guilty were not supported by any evidence. The argument misconceives the import of paragraph 82*i* and paragraph 92 to which 82*i* refers. These paragraphs merely elaborate on the prohibition contained in Article 63 of the Uniform Code against the ordering of a rehearing "where there is lack of sufficient evidence in the record to support the findings."

Article 63 of the Code, supra, defines the conditions for direction of a rehearing by the convening authority. It plainly contemplates a record in which there is evidence to be reviewed. If review of that evidence leads to the conclusion that it is insufficient to support the findings of guilty, then the Article precludes a rehearing. However, if there is no record whatever because of failure of the recording device, or if the evidence was recorded, but the notes were lost or destroyed, it cannot be said there was no evidence adduced at trial to establish guilt.[1] The most that can be said in such cases is that the evidence is not available for review. United States v Schilling, 7 USCMA 482, 22 CMR 272 (1957). Had the breakdown in the recording device been discovered in the course of trial, the trial judge could properly have declared a mistrial, and the accused could properly have been brought to trial again on the same charges. *Ibid.*, at page 484; see also United States v Platt, 21 USMCA 16, 44 CMR 70 (1971). The fact that the breakdown was not dis-

---

[1] There is even less justification in this case to contend that the evidence is insufficient to support the findings. The record indicates that a sentence was adjudged. The presumption of regularity of judicial action would im-

port that "there was sufficient evidence to support the judgment, and that the court followed the correct standard of proof." 29 Am Jur 2d, Evidence, section 170.

covered until after imposition of sentence does not nullify its legal effect as good cause for ordering a rehearing to obtain a complete and verbatim record.

We answer in the affirmative the certified question, and we affirm the decision of the Court of Military Review.

Chief Judge DARDEN concurs.

DUNCAN, Judge (dissenting):

The convening authority reviewed a record that did not contain any evidence. It is my opinion that under paragraph 82*i* of the Manual for Courts-Martial, United States, 1969 (Revised edition), the convening authority cannot order a rehearing without consideration of a *summary* of the evidence contained in the record. Paragraph 82*i* presents the convening authority an alternative to disapproving a sentence adjudged when the record lacks a verbatim transcript. However, the alternative can be exercised only after a summary of the evidence is available.

I believe a convening authority has the authority to have a summary of the evidence prepared by the military judge and defense and Government counsel who participated in the case, and use such a summary to make a determination under paragraph 82*i*, supra.