UNITED STATES, Appellee

v .

IKE BOXDALE, Sergeant U. S. Army, Appellant

No. 26,573

July 27, 1973

*Arpiar G. Saunders, Jr.,* Esquire, argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick, Major Gilbert J. Weller,* and *Captain John R. Toland.*

*Captain Richard A. Karre* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III, Captain Richard L. Menson,* and *Captain Glenn R. Bonard.* .

## OPINION OF THE COURT

DARDEN, Chief Judge:

The negligent erasure of four magnetic tape belt recordings of the accused's trial destroyed the testimony of five defense witnesses and proceedings in connection with a motion for mistrial. The staff judge advocate directed the trial counsel to "reconstruct" the missing portion of the record. Initially, the staff judge advocate believed 60 to 80 pages were involved, but, as the record comes to us, the trial counsel found it necessary to "reconstruct" only 24 pages. He relied upon his trial notes, those of the military judge, the recollection and notes of the court reporter, and consultation with one of the witnesses. The defense was neither invited nor permitted to participate in the "reconstruction." The question before us is whether the record of trial is verbatim. We hold that it is not. United States v Weber, 20 USCMA 82, 42 CMR 274 (1970).

■ Insubstantial omissions from a record of trial do not affect its characterization as a verbatim transcript. United States v Donati, 14 USCMA 235, 34 CMR 15 (1963); United States v Nelson, 3 USCMA 482, 13 CMR 38 (1953). But, as we stated in *Weber* at 83, 42 CMR at 275, reconstruction of a substantial portion of testimony adduced at the trial "after the fact. . . . is not a verbatim transcript of the trial within the meaning of Article 54, Code, supra, 10 USC § 854."

The Government nevertheless contends that authority for the reconstruction of a transcript is to be found in paragraph 82*i* of the Manual for Courts-Martial, United States, 1969 (Rev), and that, in any event, the defense has not pointed to any prejudicial omissions from the record.

Paragraph 82*i*, MCM, provides:

If the notes or recordings of the proceedings in court are lost before the record of trial has been prepared, the convening authority will be fully informed of the facts. Thereafter, unless the convening authority directs otherwise, a record of trial will be prepared following, as nearly as practicable, the form of record prescribed in appendices 8 and 9. The record will be authenticated and disposed of as provided in 82*f* and *g*. The fact that such a record does not contain a verbatim transcript of all the proceedings may deprive the accused of his right under the code to a full appellate review of his case and, thus, be a proper reason for disapproving any sentence adjudged, but it shall not preclude the convening authority from ordering a rehearing as to any offense of which the accused was found guilty if the finding is supported by the summary of the evidence contained in the record. In this connection, see 92.

■■ The purpose of this paragraph is not to provide a reconstruction of the record on which findings of guilty and a sentence may be approved, but to provide a transcript on which the convening authority may direct a rehearing and at the same time protect the accused by establishing that the evidence at the first trial was sufficient. Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, at 132; United States v Stacy, 21 USCMA 274, 45 CMR 48 (1972). We find no other authority for a reconstruction of a trial transcript. This is not surprising, since an attempt to recall testimony and prepare a substantially verbatim transcript after the fact is an almost impossible task. Under these circumstances, the accused is entitled to a rehearing at which a proper record may be prepared.

■ The Government's contention that no prejudice flowed from the lack of a verbatim record is also without merit. When, as here, there is a substantial omission from the record, a presumption of prejudice results. United States v Bielecki, 21 USCMA 450, 45 CMR 224 (1972). Since the Government is charged with the responsibility for the preparation of a verbatim record, the burden of rebutting that presumption falls on it rather than the defense. Moreover, the omitted testimony dealt with the principal witnesses to the accused's defense of alibi, a matter of importance on appeal. Here, as in United States v Weber, supra, the Government has not carried its burden. Accordingly, reversal is in order.

The decision of the U. S. Army Court of Military Review is reversed and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judges QUINN and DUNCAN concur.