September 21, 1973

No. 27,460 United States v. Omer E. Hiler, PVT, U. S. Marine Corps (NCM 73-0772).

It appears from the representations of the parties that on August 12, 1973, subsequent to the date on which a petition for grant of review pursuant to Article 67(b)(3), Uniform Code of Military Justice, 10 USC § 867(b)(3), was placed in military channels, petitioner died as a result of injuries sustained in a motor vehicle accident. By reason of this circumstance all further proceedings with respect to the general court-martial and the decision of the Court of Military Review in petitioner's case are abated.

Accordingly, it is, by the Court, this 21st day of September 1973,

ORDERED:

That the "Motion to Set Aside Findings of Guilty and Sentence and to Dismiss Charges" be, and the same hereby is, granted.

The record of trial is returned to the Judge Advocate General, United States Navy, for appropriate disposition not inconsistent with this Order.

October 22, 1973

No. 73-52 Joseph G. Tavares, PVT, U. S. Army v. United States.

On consideration of the Petition for Extraordinary Relief filed in the above-entitled action and the Reply of the United States filed thereto, it appears that the appellate delay in processing the record of trial in this case was due in part to loss of a recording disk necessitating "reconstruction" of that portion of the record concerning a speedy trial motion, preliminary instructions to the court members, their voir dire examination, and the testimony of a prosecution witness. The record has now been so "reconstructed" and the convening authority's action is anticipated so that the record will arrive in the Department of the Army by October 22, 1973.

Reconstruction of a record of trial to supply missing material is impermissible. United States v. Boxdale, 22 USCMA 414, 47 CMR 351 (1973); United States v. Weber, 20 USCMA 82, 42 CMR 274 (1970). The accused was tried on April 6, 1973, and it does not yet appear that action has been taken by the convening authority. This delay is not satisfactorily explained by the Government and it is apparent that the "reconstruction" of the record will require reversal. United States v. Boxdale, supra. In order to obviate further delay necessitated by additional appellate consideration of the issue, with attendant prejudice to the accused, we will direct such action here.

It is, by the Court, this 17th day of October 1973,

ORDERED:

That the findings of guilty and the sentence be set aside. A rehearing may be directed, if the convening authority deems it practicable. Otherwise, the charges shall be ordered dismissed.