UNITED STATES, Appellee,

v.

John S. HENDERSON, Senior Airman,
U.S. Air Force, Appellant.

Dkt. No. 38,948.
ACM 22578.

U. S. Court of Military Appeals.

Aug. 17, 1981.

For Appellee: *Captain George D. Cato* (argued); *Colonel James P. Porter, Major Robert T. Mounts* (on brief).

For Appellant: *Major Robert G. Gibson, Jr.* (argued); *Colonel Larry G. Stephens* (on brief); *Captain J. Lawrence Tullock.*

*Opinion of the Court*

EVERETT, Chief Judge:

In June 1979, appellant was tried by general court-martial at Kelly Air Force Base, Texas, on charges of violating Air Force Regulation 30–2 by possession and sale of amphetamines and lysergic acid diethylamide (LSD), in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. Contrary to his pleas, Henderson was found guilty of all six specifications of the charge and sentenced to a dishonorable discharge, confinement at hard labor and forfeiture of $400 pay per month for 18 months, and reduction to the grade of E–1. The convening authority modified the level of forfeitures to $279 pay per month but otherwise approved the sentence. In turn, the United States Air Force Court of Military Review affirmed the approved findings and sentence.

We granted (9 M.J. 142) review on this issue raised by appellate defense counsel:

WHETHER THE MILITARY JUDGE'S INSTRUCTIONS ON SENTENCE WERE PREJUDICIALLY INADEQUATE.

We answer this issue in the negative.

In paragraph 76*b* (1), which concerns "*Instructions on punishment*", the Manual for Courts-Martial, United States, 1969 (Revised edition), provides:

Before a court-martial closes to deliberate and vote on the sentence, the military judge, or the president of a special court-martial without a military judge, must give appropriate instructions on the punishment, to include a statement of the maximum authorized punishment which may be imposed... The instructions should be tailored to the facts and circumstances of the individual case.

This language suggests that, although the instructions must include the maximum punishment, there may be an obligation, under the facts and circumstances of the particular case, to go further. Appellant now contends that in the case at hand the military judge did not adequately perform his responsibility.

However, in the present case the military judge did not limit himself simply to stating a maximum punishment. Instead, he made clear that lesser punishments existed and could be imposed. Thus, he explained that the court could adjudge only two types of discharge and that a bad-conduct discharge "is a less severe form of punishment than is a dishonorable discharge." The judge discussed partial forfeitures and, in so doing, made it clear that a partial forfeiture might be for a period as short as one month. In connection with a question from the court concerning the effects on pay of a reduction in grade, he informed the members as to the base pay in the appellant's pay grade and in each of the lesser pay grades. He explained the procedure for voting on sentence, whereunder the lightest sentence is considered first. Furthermore, under his supervision, the court members were furnished a worksheet (Appellate Exhibit VI) to use in preparing the sentence.

■ Appellant complains that the military judge did not go still further in his instructions and discuss such alternatives as no punishment,[1] hard labor without confinement, detention of pay, restriction, and admonition. However, since many of these options are adverted to in the worksheet provided to them, the members of this court-martial were undoubtedly aware of the sentencing options available to them. Moreover, some realistic limitations must be recognized in implementing the judge's obligation to instruct *sua sponte* on punishment. For example, it would be almost ludicrous for the military judge, without request, to inform the court members of certain lesser punishments that, at least in theory, could be adjudged—as, for example, to advise them, that, having found an accused guilty of unpremeditated murder, they may adjudge a sentence of "no punishment," a reprimand, or an admonition.

1. In his argument on sentence, trial counsel also mentioned to the court members that their choice of alternatives ranged from the maximum punishment all the way down to "no punishment."

Similarly, to instruct the court members fully on all the permutations of sentence that might be available by application of the Table of Equivalent Punishments or otherwise would be a tedious and unedifying task for the judge to perform.

 We conclude therefore that, absent a request by the parties for further elucidation, the military judge in most cases can satisfy the obligation imposed by the Manual to "tailor" his instructions on punishment if he supplements his advice on maximum punishment by a well-drafted worksheet to be supplied to the court members for use in their deliberations and, after completion, attached to the record of trial as an appellate exhibit.[2] Of course, the judge on his own initiative may properly advise the court members of any lesser punishments included within the maximum punishment—subject only to the requirement that his instructions on sentence not be susceptible to an interpretation that he is urging the members to impose a particular type of sentence. Furthermore, when requested by counsel to instruct concerning lesser punishments, the judge will usually err if he denies such a request.[3]

 In the case at bar the judge *sua sponte* fulfilled the minimal requirements imposed by paragraph 76*b*(1). Defense counsel at the trial did not request any additional instructions or object to those given. Accordingly, the appellant is not entitled to relief.

The decision of the United States Air Force Court of Military Review is affirmed.

Judges COOK and FLETCHER concur.

---

2. The drafting of a uniform sentence worksheet for use within a particular military department—or perhaps on a Department-of-Defense-wide basis—might be a worthwhile undertaking. Of course, the worksheet should make clear that, in the absence of some statutory minimum sentence, the court members are free to impose a sentence which may range from the maximum punishment through lesser punishments down to no punishment.

3. Sometimes, though, it would be clear from a review of the record that this error is not prejudicial.