UNITED STATES, Appellee,

v.

Clinton JENKINS, Private First Class U. S. Army, Appellant.

No. 39,930.

CM 439832.

U. S. Court of Military Appeals.

Jan. 18, 1982.

For Appellant: *Captain Judson W. Roberts* (argued); *Major Robert D. Ganstine, Captain Joseph A. Russelburg, Captain Alan W. Schon* (on brief).

For Appellee: *Captain David H. Johnson* (argued); *Colonel R. R. Boller, Major Ted B. Borek, Major Douglas P. Franklin* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant was tried at Fort McClellan, Alabama, by a general court-martial composed of officer members. Pursuant to a pretrial agreement, he pleaded guilty to charges of burglary, larceny, and conspiracy to commit these offenses, in violation of Articles 129, 121, and 81 of the Uniform Code of Military Justice, 10 U.S.C. §§ 929, 921, and 881, respectively. After he had been found guilty in accordance with his pleas, Jenkins was sentenced to a bad-conduct discharge, total forfeitures, and reduction to the grade of E–1. The convening authority approved the findings and sentence; and the United States Army Court of Military Review affirmed. We then granted review on this issue:

> WHETHER PREJUDICIAL ERROR HAS OCCURRED AS A RESULT OF THE FAILURE OF THE PRESIDENT

OF THE COURT TO ANNOUNCE THAT THE SENTENCE VERDICT WAS ARRIVED AT IN SECRET AND IN THE STATUTORY PERCENTAGE OF CONCURRENCE.

I

The military judge's instructions to the court members as to sentencing procedure included this passage:

Upon completion of discussion and the written proposal of sentences on slips of paper by the members who desire to propose them, the junior member collects the proposed sentences and submits them to the president. The court will then vote by secret written ballot on each proposed sentence in its entirety beginning with the lightest until a sentence is adopted by the required concurrence of two-thirds of the members, that is, four of five members present. You are advised that any sentence which includes confinement at hard labor in excess of ten years requires the concurrence of three-fourths of the members. However, in this case, mathematics being what they are, four out of five members suffice for both the two-thirds and three-fourths satisfaction. The junior member then collects and counts the votes. The count of the votes is then checked by the president who shall forthwith announce the result of the ballot to the other members of the court. If the court votes on all the proposed sentences without reaching the requisite concurrence, that is, four out of five, you may then repeat the process of discussion, proposal of sentences, and voting.

Later he advised the members:

Only the required fraction of members who concurred in the sentence should be announced. As an aid in putting the sentence in proper form, the court may use a sentence worksheet.

Thereupon, after it had been marked as an appellate exhibit and examined by counsel, the sentence worksheet was handed to the court members. Subsequently the judge instructed:

Again, I would advise you that any sentence in this case must involve the concurrence of four of the five members now present. If you wish to consider any specific punishment not included on the sentence worksheet or have any questions concerning sentence matters, you may request further instructions from me in open court in the presence of all other members.

After the court members deliberated, the president announced the sentence using the same prefatory language that appears on the sentence worksheet—namely, "[I]t is my duty as the president of this court to advise you that this court in closed session sentences you." No reference was made in the sentence announcement either to concurrence by two-thirds of the court members or to a vote by secret written ballot.[1] No objection was made at trial to any irregularity in the sentence announcement.

II

Article 51(a) of the Uniform Code, 10 U.S.C. § 851(a), requires that votes "of a ... court-martial on the findings and on the sentence ... be by secret written ballot." Article 52, UCMJ, 10 U.S.C. § 852, prescribes the number of votes required for conviction and for various sentences. Article 53, UCMJ, 10 U.S.C. § 853, commands that "[a] court-martial ... announce its findings and sentence to the parties as soon as determined." While these statutory provisions do not explicitly require that the president of a court-martial announce the percentage of members who concurred in

1. In addition to omitting reference to voting percentage or secret written ballot, the sentence worksheet contains no provision for any sentence alternative involving a punitive discharge. However, on the worksheet appeared the handwritten words, "Immediate discharge from the Army with Bad Conduct discharge"; and the sentence, as announced in open court, corresponded to this language. Once again, we suggest that greater standardization of worksheets for findings and sentence might be desirable and that a uniform worksheet for all the Armed Services might well be considered. *See United States v. Henderson,* 11 M.J. 395, 397 n.2 (C.M.A.1981).

the sentence, paragraph 76c of the Manual for Courts-Martial, United States, 1969 (Revised edition), specifies, "Only the required percentage of members who concurred in the sentence should be announced." The 1951 Manual contained the same language. Para. 76c, Manual for Courts-Martial, United States, 1951. Likewise, the Trial Procedure Guide contained in Appendix 8b of the 1969 Manual clearly contemplates that the announcement of sentence will include reference to "secret written ballot" and to the percentage "of the members present at the time the vote was taken concurring" in the sentence. The 1969 Manual contains corresponding provisions as to the announcement of findings. See para. 74g, Manual, supra; Appendix 8b. Furthermore, we are aware from our examination of myriad records of trial that typically an announcement of findings and sentence contains explicit references to a vote by secret written ballot and to concurrence of the required percentage of court members.

In the case at hand, the Court of Military Review took the position that there was no error in omitting reference to such matters in announcing appellant's sentence. In arguing the case before us, appellate government counsel have gone even further. They maintain that, since the deliberations of a court-martial are secret, appellant had no right to demand that the court members make some explicit representation that they complied with the statutory requirements concerning secret written ballot and the percentage of votes required for the sentence.

■ We disagree both with the Court below and with the Government. In our view, the language of a sentence announcement should make clear that the court members, in reaching their findings and sentence, complied with the statutory mandate. Of course, this obligation could be fulfilled either by an announcement in open court—as has been the time-honored practice—or by submitting a sentence worksheet, signed by the president of the court-martial, which attests that a secret written ballot occurred and that the necessary percentage of votes for the findings or sentence was attained. Obviously, an announcement that the required percentage of votes has been received for the findings and sentence does not reveal the vote of a particular court member; so, contrary to the government's argument, it does not invade the secrecy of the court-martial's deliberations, as could polling court members.

■ Although we find error, we discern no prejudice. The court members were instructed in detail concerning their voting obligations; there is every presumption that they complied with those obligations. United States v. Ricketts, 1 M.J. 78, 82 (C.M.A.1975). In United States v. Hendon, 6 M.J. 171 (C.M.A.1979), the sentence adjudged was affirmed even though the president of the court-martial announced that the accused had been sentenced to confinement at hard labor for 3 years by "three-fourths of the members present," (id. at 173) when only a two-thirds concurrence was required. In that case, the announcement tended to dispel the presumption of regularity; but, as in the case at bar, trial defense counsel lodged no objection to the announcement and sought no clarification. Although Judge Fletcher dissented in Hendon because the irregularity in the sentence announcement suggested to him that the court members misunderstood the trial judge's instructions, his dissent is not inconsistent with affirmance in the case at bar, where the record gives no indication that the court members deviated from the path prescribed by the judge's instructions.

### III

Since we perceive no prejudice to appellant which resulted from the irregular announcement of sentence, we affirm the decision of the United States Army Court of Military Review.

Judges COOK and FLETCHER concur.