UNITED STATES, Appellee,

v.

**Nerio M. BRANDOLINI, Airman Basic
U. S. Air Force, Appellant.**

No. 41,060.

CMR No. S24992.

U. S. Court of Military Appeals.

June 14, 1982.

For Appellant: *Colonel George R. Stevens, Major Robert G. Gibson, Jr.* (on brief); *Captain J. Laurens Tullock.*

For Appellee: *Colonel James P. Porter, Major Robert T. Mounts, Captain George D. Cato* (on brief).

PER CURIAM:

Pursuant to his pleas, appellant was convicted by special court-martial of a 4-day absence without leave, willfully disobeying the order of a superior commissioned officer to report to his duty station within 10 minutes, failure to repair, and willfully disobeying the order of a superior noncommissioned officer to report to his duty section, in violation of Articles 86, 90, and 91, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, and 891, respectively. He was sentenced by members to a bad-conduct discharge, confinement at hard labor for 3 months, and forfeiture of $299 pay per month for 3 months. The convening authority approved the sentence but the supervisory authority disapproved the lesser Article 86 offense and reduced the amount of monthly forfeitures to $100, but otherwise he approved the trial results. The Air Force Court of Military Review affirmed. This Court granted review (11 M.J. 408) of appellant's contention that the military judge's instructions on sentence were prejudicially inadequate in omitting specific advice on certain forms of punishment, such as reprimand, admonition, restriction, detention of pay, hard labor without confinement, and the minimum punishment of no punishment at all.

Prior to instructing the court, the military judge advised counsel at a side-bar conference of the proposed instructions on sentencing, including the maximum sentence imposable. Also he examined the sentence worksheet (Air Force Form 1093) which trial counsel proposed to deliver to the members for their use in arriving at and recording the sentence. When the military judge asked defense counsel if he had any objection to the worksheet, counsel requested that a block for "no punishment" be included thereon, but the request was denied by the military judge. Thereupon, defense counsel indicated he had no objec-

tion to the proposed instructions, nor did he wish to request any further instructions.

In *United States v. Henderson*, 11 M.J. 395, 397 (C.M.A.1981) (footnote omitted), we held that

> absent a request by the parties for further elucidation, the military judge in most cases can satisfy the obligation imposed by the Manual to "tailor" his instructions on punishment if he supplements his advice on maximum punishment by a well-drafted worksheet to be supplied to the court members for use in their deliberations and, after completion, attached to the record of trial as an appellate exhibit.

Our examination of the sentence worksheet used in this case reveals that it is comprehensive in nature, including, in fact, every aspect of lesser punishment mentioned by appellant in this Court except the minimum punishment of no punishment.[1] Under the circumstances of this case, and in light of the sentence which was adjudged, it is implausible to suggest or to conclude that the members, even if specifically instructed that they need not adjudge any punishment at all, would have done so.

Moreover, the military judge's instructions were otherwise well tailored and correct. He advised them to consider all matters properly before the court in extenuation and mitigation, as well as in aggravation and made specific reference to appellant's tender age, his length of service, the matters contained in the unsworn statement—including personal background information and the circumstances surrounding the offenses—and the nature and duration of pretrial restraint. He further instructed that a plea of guilty should be considered both as saving the Government time and expense and as manifesting repentance and a first step toward rehabilitation. Then, in outlining the voting procedure, he explained that the voting begins with the lightest sentence proposed, and he indicated the number of votes required to arrive at a sentence. The judge set forth the maximum sentence imposable; and, concerning forfeitures of pay, he specifically admonished that if the members wished to adjudge forfeitures for more than one month, "the words 'per month' for a stated number of months up to a maximum of six, must be added after the amount to be forfeited." The military judge mentioned the serious nature and repercussions of a bad-conduct discharge, and observed that a bad-conduct discharge was the only type of discharge which the court was authorized to adjudge. Finally, the judge drew the court's attention to the sentence worksheet and cautioned, "Extreme care should be exercised in using this worksheet to select a sentence form or combination of forms which properly reflect the sentence of the court."

Under all these circumstances, we conclude that the members were fully and clearly made aware of the range of sentence alternatives—individually and in combination—available to them in arriving at an appropriate sentence for appellant. *See United States v. Henderson, supra.*

The decision of the United States Air Force Court of Military Review is affirmed.

---

1. Indeed, defense counsel, after urging the members not to adjudge a bad-conduct discharge or the maximum term of confinement of 6 months, submitted that "[t]here are other options that are available to you—they will be enumerated for you on the sentence worksheet."