UNITED STATES, Appellee,

v.

Dale P. LEE, Private, U. S. Army, Appellant.

No. 40,522.

SPCM 14567.

U. S. Court of Military Appeals.

June 14, 1982.

---

For Appellant: *Captain Paul J. Moriarty* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Charles A. Byler* (on brief); *Major Robert C. Rhodes, Major Robert D. Ganstine, Captain John Lukjanowicz, Captain David M. England.*

For Appellee: *Captain Daniel T. Hartnett* (argued); *Colonel R. R. Boller, Major Ted B. Borek, Major Robert B. Williams* (on brief); *Captain Lawrence W. Fitting.*

*Opinion of the Court*

FLETCHER, Judge:

Following his approved and affirmed conviction by a special court-martial,[1] appellant now challenges a "sealing" procedure used by the military judge, postponing announcement of the sentence awarded by court members to a later date when it was an-

---

1. Appellant was tried by a special court-martial for absence without leave and willfully damaging private property, in violation of Articles 86 and 109, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 909, respectively. Contrary to his pleas, he was convicted of AWOL and six specifications of damaging property. He was sentenced to a bad-conduct discharge, confinement for 4 months, and forfeiture of $250 pay

per month for 4 months. The convening authority approved the sentence. On September 22, 1980, the Court of Military Review set aside the findings of guilty as to the AWOL offense, dismissed the charge, and reassessed the sentence to a bad-conduct discharge, confinement for 4 months, and forfeiture of $250 pay per month for 2 months.

nounced outside the members' presence. 11 M.J. 170 (C.M.A.1981). We have reviewed this unusual procedure in light of statutory requirements and the factual circumstances here present and conclude that while the procedure was impermissible, there was no deficiency of fairness in appellant's trial. However, as use of this "sealing" procedure has lengthened appellant's sentence to confinement beyond that contemplated by the court-martial, we must take remedial action.

We turn briefly to the factual setting of this case. At an Article 39(a)[2] session conducted on September 5, 1979, defense counsel moved for dismissal of all charges in light of the Government's failure to bring the charges to trial within 45 days as required by United States Army Europe (USAREUR) Supplement 1 to AR 27–10, *Legal Services-Military Justice* (c3, 21 Jun 1979). The military judge informed counsel that he would allow the court-martial to proceed through findings and deliberations on sentence, but would seal the sentence pending the outcome of the administrative appeal. In the members' presence, on September 26, 1979, the military judge examined the completed sentence worksheet, sealed it, and recessed the court. No defense objection was made to this previously announced procedure. After determination of the administrative appeal adversely to appellant, court was reconvened and appellant was given the opportunity to challenge the completed denial of the appeal on his 45-day rule petition. The trial defense counsel waived judicial review of that decision. Then the sealed sentence, previously adjudged, was read by the military judge in the presence of all court officials save the members, and the military judge advised the accused of his appellate rights.

In *United States v. Dunks*, 1 M.J. 254 (C.M.A.1976), this Court ruled, in regard to the 45-day rule, that appellant was entitled to judicial review of the administrative de-

cision made under the rule prior to proceeding to court-martial. The judge's procedures in the present case preserved this right of judicial review, and by sealing the sentence of the jury met the harm to appellant that we saw in *Dunks*. As noted above, when the judge offered judicial review of the administrative decision prior to the announcement of the sentence so sealed, the defense counsel waived judicial review.[3]

The judge's procedure did not meet Article 53, Uniform Code of Military Justice, 10 U.S.C. § 853, which provides: "A court-martial shall announce its findings and sentence to the parties as soon as determined." Paragraph 76c, Manual for Courts-Martial, United States, 1969 (Revised edition) requires:

> As soon as the court has determined the sentence, the president will announce it in open session in the presence of the military judge, if any, the accused, and counsel for both sides.

■ Appellant before us urges that these procedures are mandatory; that a deviation such as the one presented in the instant case constitutes prejudicial error; and that the present deviation mandates a sentence rehearing. We are unable to concur. We, however, do conclude that the procedures set forth above are mandatory and that by not following them the trial court committed error.[4]

We must now look to see if the error was prejudicial.[5]

■ In this case the court members heard evidence on the merits, found appellant guilty by exceptions and substitutions on the six specifications presented to them for decision, deliberated, and concluded a proper sentence as manifested on the completed sentence worksheet presented to, examined, and retained by the military judge. In the context of this entire proceeding, there is no deficiency of fairness in appellant's trial.

---

**2.** UCMJ, 10 U.S.C. § 839(a).

**3.** *See United States v. Heflin*, 1 M.J. 131 (C.M.A.1975), and its progeny.

**4.** *United States v. Jenkins*, 12 M.J. 222 (C.M.A. 1982).

**5.** Article 59(a), UCMJ, 10 U.S.C. § 859(a).

In the case at bar no specific inaccuracy has been alleged. Here we presume that no ambiguity was perceived during the judge's inspection, prior to sealing the completed worksheet, which required clarification. The court members had been instructed that sentence proposals should be written down before being voted upon. They were further apprised that in this case the sentence worksheet would be sealed after examination by the military judge for proper form, thus emphasizing the need for accuracy. An inspection of the worksheet itself, found in the record, fails to reveal any error or ambiguity. Here there was no risk that the sentence awarded by the court members was, to any degree, inaccurately reflected in this unusual "sealing" procedure.

 Nevertheless, appellant urges that due to this sealing procedure, he has been specifically prejudiced by additional days of confinement. While we do not rule on his allegation of nineteen days, we do conclude that under Article 57(b), UCMJ, 10 U.S.C. § 857(b), the four months of confinement awarded began to run from the day this feature of his sentence was selected by the court members.[6] Use of the erroneous

"sealing" procedure while appellant continued in so-called pretrial confinement has considerably lengthened appellant's punishment beyond that contemplated by the court-martial.

Therefore, while we affirm the decision of the United States Army Court of Military Review as to findings, we must reverse the decision as to sentence and return the record of trial to the Judge Advocate General of the Army for remand to that court, which will credit appellant with time spent in confinement between the sealing of the sentence and its later announcement. If the confinement has been entirely served, forfeitures may be appropriately reassessed.

Chief Judge EVERETT concurs.

COOK, Judge (concurring in the result):

I concur with that part of the opinion which concludes "that under Article 57(b), UCMJ, 10 U.S.C. § 857(b), the four months of confinement awarded began to run from the day this feature of his sentence was selected by the court members." (Footnote omitted).

---

**6.** While this "sealing" procedure was employed to allow appellant judicial review of his administrative appeal, we cannot allow the resultant increase of pretrial confinement to be utilized as punishment. Article 13, UCMJ, 10 U.S.C. § 813.