**UNITED STATES**

v.

**Airman John L. HEMINGWAY, FR 214–90–8332, United States Air Force.**

**ACM S27088.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 March 1986.

Decided 5 Aug. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Michael D. Wims.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Robert E. Giovagnoni.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

### DECISION

MURDOCK, Judge:

This case proceeded smoothly until the very last stage of trial. The court had finished its deliberation on sentence and had informed the judge that they had reached a sentence. The judge reviewed the sentence worksheet and stated, correctly, that it appeared to be in proper format. He then returned the form to the president and told him to announce the sentence. The president then said:

Your Honor;

We recommend reduction to the grade of E–1.

Monetary Penalties: to forfeiture $426.00 per month for six months. Restraint: to be confined for six months.

And, to receive a BCD, a bad conduct discharge.

After this announcement, the military judge allowed the appellant and his counsel to be seated, dismissed the members, and adjourned the court.

The appellant now asserts that the sentence announcement was ineffective because it appears to be in the form of a recommendation. We disagree.

The appellant is correct in stating that this is not the proper form for a sentence announcement. M.C.M., 1984, app. 11. The military judge and the trial counsel are both responsible for insuring that improprieties and ambiguities are corrected at the time they are committed. R.C.M. 801, 808. One or both of these officers of the court should have stopped the proceeding and taken action to have the sentence

announced properly. Unfortunately, neither one did. As a result, we must now straighten out the resultant confusion.

Sentence announcement became simpler with the adoption of the 1984 Manual for Courts-Martial. The percentage of members concurring in the sentence need no longer be announced. M.C.M., 1984, app. 21, rule 1007. The requirement to announce the percentage was considered in the leading case in this area, *United States v. Jenkins*, 12 M.J. 222 (C.M.A.1982). In *Jenkins*, the Court said that "the language of a sentence announcement should make clear that the court members, in reaching their findings and sentence, complied with the statutory mandate". The *Jenkins* court looked at all the circumstances surrounding the sentence including that the members had been properly instructed and were, therefore, aware of their duties.

■ We will follow the same route in approving the sentence announcement in the present case. Although we do not approve of the form, we hold that the announcement was adequate and did not prejudice the appellant for the following reasons: a) the members received adequate instruction prior to their deliberation on sentence, b) the elements of the sentence, as announced, were all legal punishments for these offenses, and c) the sentence worksheet, Air Force Form 1093, July 1984, was properly completed and agreed with the elements of the sentence announced.

Having examined the entire record of trial, the assignment of errors, and the reply thereto, we have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY concurs.

Judge O'HAIR did not participate.