**UNITED STATES, Appellee,**

v.

**Specialist Lee A. WASHINGTON, 432–39–4210, United States Army, Appellant.**

**ACMR 9200112.**

U.S. Army Court of Military Review.

17 Sept. 1992.

For Appellant: Captain Christopher W. Royer, JAGC (argued), Colonel Robert B. Kirby, JAGC, Major James M. Heaton, JAGC (on brief).

For Appellee: Captain Samuel J. Smith, Jr., JAGC (argued), Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Edith M. Rob, JAGC, Captain Donna L. Barlett, JAGC (on brief).

Before De GIULIO, ARKOW and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of conspiracy, larceny, and housebreaking in violation of Articles 81, 121, and 130, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 921, and 930. He was sentenced to a bad-conduct discharge, confinement for thirty months, total forfeitures, and reduction to Private E1. The sentence was within the limitations of a pretrial agreement, and the convening authority approved it.

This case was submitted to this Court on its merits. Noting irregularities in the trial procedure, we specified the following issues:

### I.

WHETHER THE PROCEDURES USED PREJUDICIALLY AFFECTED APPELLANT'S CHOICE OF FORUM, OR APPELLANT'S ABILITY TO INQUIRE INTO GROUNDS FOR DISQUALIFICATION OF THE MILITARY JUDGE.

### II.

WHETHER THE MILITARY JUDGE ERRED TO APPELLANT'S PREJUDICE BY CONDITIONING APPELLANT'S ELECTION TO TRIAL BY MILITARY JUDGE ALONE.

### III.

WHETHER THE USE OF AN UNRECORDED PRETRIAL CONFERENCE PURSUANT TO R.C.M. 802 CONCERNING THIS MATTER RENDERS THE RECORD INSUFFICIENT TO PERMIT APPELLATE REVIEW.

We affirm the findings of guilty and the sentence.

This case arose out of an incident in which appellant and two other soldiers, Specialist (SPC) Murray and SPC Johnson, stole property from an Army and Air Force Exchange Service–Europe warehouse in Bad Kreuznach, Germany. Appellant entered into a pretrial agreement which, *inter alia*, limited confinement to thirty-six months. A condition of the agreement was that appellant would request trial by military judge alone. Appellant and SPC Murray were tried on the same day. At the beginning of appellant's trial, the military judge informed him that at two sessions conducted pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 802 [hereinafter R.C.M.], the military judge had decided to conduct the trial of SPC Murray first. The trial would be conducted until the military judge had determined the sentence. He would seal the sentence without announcing it. He would conduct the trial of appellant, complete it, and reopen the trial of Murray to announce the sentence and complete that trial. This procedure was followed. He told the appellant that if he did not agree to the procedure, he could bring another judge to try the case. When asked by the military judge, "[D]o you desire to go ahead and proceed with this process?," appellant answered, "Yes, sir." The issues specified by this Court concern this unique process.

In *United States v. Lee*, 13 M.J. 181 (C.M.A.1982), the Court of Military Appeals held that UCMJ, art. 53, 10 U.S.C. § 853, requires that a sentence be announced as soon as it is determined, that it was error to seal a sentence for announcement at a later time, but that such error must be tested for prejudice. Emphasizing that

this error did not occur in appellant's trial but in the separate trial of a co-accused, government appellate counsel questions appellant's standing to raise the objection before us.

■ The legal theory of "standing to object" to the admission of evidence, generally is applied to that body of law dealing with search and seizure and specifically to the violation of privacy rights of a person other than the accused. Under present military law, an "adequate interest analysis" has been adopted rather than standing reasoning. *See* Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 311(a)(2) [hereinafter Mil.R.Evid.]. Even though this Court recognizes that the standing analysis does not apply to the issue before us, we find appellant has sufficient interest to question the procedure used in the trial of a co-accused to the extent that it affects the procedures at his trial.

■ Concerning specified issues I and II, it is difficult to conclude from the record before us what caused the unique and erroneous procedure used in this case by the military judge. We can determine that there was a pretrial agreement conditioned on trial by judge alone. Making trial by judge alone a condition for a pretrial agreement has been permitted. *See United States v. Zelinski*, 24 M.J. 1 (C.M.A.1987). We further can determine that two R.C.M. 802 conferences were held which resulted in the use of the unique procedure. We do not know who proposed the procedure. The announced purpose was to expedite the trials of appellant and his co-accused. A result of the procedure was to keep from appellant the sentence imposed in the Murray case, information he would have had available had SPC Murray's sentence been announced as required by law. It is difficult to understand how that would expedite the trial of appellant's case, unless it was to keep information from him to reduce the possibility that the military judge would not be challenged and would try both cases. Appellant was not in a position to question the procedure without jeopardizing his pretrial agreement which was conditioned on trial by military judge alone. In any event,

appellant was fully informed of the procedure by the military judge and agreed to it. Under the circumstances of this case, we find appellant waived the error. *See United States v. Scholten*, 14 M.J. 939 (A.C.M.R.1982), *affirmed*, 17 M.J. 171 (C.M.A.1984) (failure to challenge military judge for cause waived the issue).

The liberal use of the conferences conducted under R.C.M. 802 was detrimental to this Court's attempt to determine why the unique procedure was used in this case. This raises the question whether such conferences prevent this Court from performing its statutory duty to conduct a review of the case.

■ A complete record of proceedings must be prepared in a general court-martial where the sentence includes a discharge or punishment which exceeds that which may be adjudged by a special court-martial. UCMJ art. 54(c)(1)(A), 10 U.S.C. § 854(c)(1)(A). A general court-martial record must include a verbatim written transcript of all sessions except sessions which are closed for deliberations and voting. R.C.M. 1103(b)(2)(B). The purpose of the verbatim transcript is to permit a full appellate review of the case. *See United States v. Stacy*, 45 C.M.R. 48, 49, 1972 WL 14117 (C.M.A.1972); *United States v. Nelson*, 13 C.M.R. 38, 42, 1953 WL 2388 (C.M.A.1953). Substantial omissions from a record of trial result in a presumption of prejudice which the government must overcome. *United States v. Boxdale*, 47 C.M.R. 351, 352, 1973 WL 14729 (C.M.A. 1973).

■ Conferences conducted under the provisions of R.C.M. 802 need not be recorded, but matters agreed upon at such conferences must be recorded. R.C.M. 1103(b)(2)(B) discussion. Failure to object at trial waives the recording requirement. R.C.M. 802(b). Parties shall not be prevented from presenting evidence, making any argument, objection, or motion at trial. R.C.M. 802(c). The conference may be used for routine or administrative matters and resolving scheduling difficulties, discussing conduct of voir dire, seating arrangements in the courtroom, procedures when there are multiple accused, and advising the military judge of unusual motions

or problems. R.C.M. 802(a), discussion. In addition to routine or administrative matters, with the consent of the parties, issues such as a request for a witness may be resolved, which, if litigated and approved at trial, would result in delay causing inconvenience or expense. *Id.* Generally, conferences are not to be used to litigate or decide contested issues, and no party may be compelled to resolve any matter at a conference. *Id.*

█ Where there is a conflict between a Manual for Courts–Martial provision and our statutory duty contained in UCMJ, art. 66, let there be no doubt that this Court will follow the dictates of the statute. In the case before us, we find the record sufficient for appellate review and will apply waiver. We caution military judges, however, that R.C.M. 802 conferences should be limited to their intended purpose.[1] Should there be any question whether a matter is discussed in a R.C.M. 802 conference or an Article 39(a), 10 U.S.C. § 839(a) session, a prudent trial judge will select the latter. Further, counsel should be cautious of the issues which they agree to resolve in a R.C.M. 802 session, for they may waive appellate review of substantial issues. This Court will closely scrutinize the use of R.C.M. 802 sessions. Finally, our holding in this case is not an indication that we condone the procedure used by the military judge, for we do not.

The error personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), is without merit.

The findings of guilty and the sentence are affirmed.

Judge ARKOW and Judge WALCZAK concur.

---

1. This is not the first case in which the use of an R.C.M. 802 conference has been the subject of appellate review and caused comment by this Court. *See United States v. Loving,* 34 M.J. 956, 963 n. 10 (A.C.M.R.1992) (allegation that during an R.C.M. 802 conference the military judge showed bias and prejudice against the defense counsel). In that case we cautioned that matters which have even a remote possibility of becoming an appellate issue should be litigated on the record.