## ARMOR *v.* THE STATE.

1. After a jury has been impaneled, and before the prosecuting counsel submits any of his evidence in the case, if it is discovered that a member of the jury is disqualified, he may be set aside and a new jury impaneled. The fact that the order recites, that, upon the disqualification of the juror being ascertained, the solicitor moved that a mistrial be declared, and the defendant's counsel objected; that the motion was withdrawn, and the solicitor offered to proceed to trial before the jury as impaneled, or before the remaining qualified jurors; that the defendant's counsel objected to both these motions; and that the solicitor renewed his former motion to have a mistrial declared, which was sustained, does not alter the ruling set forth above.
2. It appearing that after a mistrial was declared the case was continued to the next term, and there being nothing to show that there were other jurors present, or that there was not sufficient ground for such continuance, error will not be presumed on that account.
3. After another jury had been impaneled, a plea of former jeopardy, which set forth the occurrence as stated in the preceding notes, was properly stricken.

Submitted February 19,—Decided March 22, 1906.

Indictment for riot. Before Judge Holden. Taliaferro superior court. December 16, 1905.

The case came on for trial at the March term of the county court. After the jury had been impaneled and sworn, and after arraignment and plea, but before any evidence had been introduced, it was discovered that one of the jurors was a first cousin of the prosecutor. Upon this being made to appear, the solicitor made a motion resulting in the ruling set out in the first headnote. The case was then continued, and at the April term was again called for trial, and a plea of former jeopardy was filed, which was stricken by the court on motion. The defendant was found guilty. He

sued 'out a writ of certiorari to the superior court, and upon the hearing it was overruled, and the verdict and judgment affirmed. The defendant excepted.

*J. A. Beazley,* for plaintiff in error.

*D. W. Meadow, solicitor-general,* and *Hawes Cloud,* contra.

LUMPKIN, J. (After stating the facts.) Our rulings are sufficiently stated in the headnotes. There is no controversy that the juror was disqualified. The right to set aside a juror under such circumstances and to continue the case, if there be ground for it, is settled. See Penal Code, §973, par. 4; *Jackson* v. *State,* 51 *Ga.* 402. Judgment affirmed. All the Justices concur.