### 6945. MINYARD v. THE STATE.

BROYLES, J. 1. Where a criminal case was called for trial and both sides announced ready, and the jury were selected and sworn, and one of the jurors stated to the court that he was on the grand jury that found the bill of indictment against the defendant, and the court, of its own motion, without the consent of the defendant, *but without any objection*

*from him,* set aside that juror and withdrew the case from the jury, and proceeded to have another jury stricken and sworn to try the case, and thereupon the defendant filed a plea in bar, on the ground that he had been put in former jeopardy and that the case had been illegally withdrawn from the first jury, and the court sustained a demurrer to this plea, and struck the plea, *held,* that the court committed no error. *Jackson* v. *State,* 51 *Ga.* 402 (1), 408; *Watkins* v. *State,* 60 *Ga.* 601 (1), 603; *Armor* v. *State,* 125 *Ga.* 3 (53 S. E. 815).

2. There was no error in the admission of the testimony objected to.

3. The charge complained of contains no harmful error.

4. The newly discovered evidence was not of such a character as to require a new trial.

5. The evidence authorized the verdict, and there was no error in refusing a new trial.　　　　*Judgment affirmed. Russell, C. J., dissents.*

DECIDED DECEMBER 3, 1915. REHEARING DENIED JANUARY 7, 1916.

Indictment for sale of liquor; from city court of Americus— Judge Harper. August 26, 1915.

The plea referred to in the decision was as follows: "Now comes . . defendant, and files this his plea of former jeopardy in said case, and would show to the court that he has been put in jeopardy for the offense charged in said indictment, and can not, therefore, be put on trial again for said offense, but should be discharged upon the following grounds, to wit:

"1. He would show that on the 9th day of July, 1915, this date, his case was called for trial; he announced ready, and the State announced ready; a panel of eighteen jurors were sworn, put on the voir dire, and all qualified; after which a list was furnished the State and the defendant, from which a jury was stricken. After the jury was stricken a full panel of twelve jurors to sit on said case had qualified and were called to the box for the purpose of hearing said case; the defendant, John Minyard, had been put on trial and plead not guilty, the jury of twelve were sworn, and the solicitor-general called all of the witnesses for both the defendant and the State and swore them in the presence of the jury, and then opened his case by making his statement to the jury, briefly outlining the State's case and what they expected to prove, and then called George Bailey, one of the State's witnesses, who took the stand for the purpose of testifying in said case. Immediately after this witness took the stand, but before being examined, Mr. W. W. Dozier, one of the twelve jurors who had been selected to try this particular case, arose in his place and stated that he had served on the grand jury which returned this indict-

ment; in response to which the court stated: 'You will stand aside, Mr. Dozier;' and the court requested the sheriff to procure another juror; whereupon the court, after another juror had been summoned as a talesman by the sheriff, announced that inasmuch as there is no legal jury impaneled to try this case, a new list will be prepared, leaving off the disqualified juror, and the State and the defendant will strike a jury in the case. At this point counsel for the defendant asked the court to give him time to prepare a special plea in this matter, that he wanted to file this plea; to which the solicitor-general objected. The court then stated that it presumed defendant wished to file a plea of former jeopardy, that the plea would be treated as filed, and demurrer thereto sustained; said plea could be reduced to writing later; and the court ordered the case to proceed before the same jury that had been upon him before and the additional jurors summoned by the sheriff.

"2. This defendant contends that the former [jeopardy] consisted in his having been arraigned, a legal jury having been impaneled, which consisted of one of the jurors who had returned the bill of indictment, to wit, W. W. Dozier, and that until the court voluntarily and of his own motion ordered said juror to stand aside and ordered the sheriff to procure another juror, it was a legal jury, and both the State and defendant, having had the indictment in their possession, could have, by any diligence whatever, discovered that W. W. Dozier had been on the grand jury, for which reason they could have disqualified him; neither did so, and therefore they both waived their rights to disqualify said juror, and it was a legal jury, and the court had no right, of his own motion and without the consent of the defendant, to disqualify this juror; after which he did not have a legal jury. He insists that it was a legal jury, and that any disqualification that might have existed had been waived by both the State and the defendant; and if it became an illegal jury at all, it was on the motion of the court, and not by the consent or request of the defendant, but on a distinct statement that the defendant was not waiving any rights he had in the premises.

"3. This defendant says that the court had no right to withdraw said case from the jury of his own motion and without the consent or on the motion of this defendant, and when he did so

the withdrawal thereof was illegal; that this defendant had been placed in jeopardy and had a right to proceed to trial before the jury he had selected.

"This defendant would show that he made no motion for a new trial, that he did not agree to the disqualification of the juror W. W. Dozier, that he did not agree to the withdrawal of the case from the jury as impaneled as aforesaid, but objected thereto and specifically stated that he would not waive his rights in the premises; that all of this was done voluntarily on the motion of the court; that there was no mistrial; and therefore this defendant insists that he has once been placed in jeopardy and he can not again be tried for the same offense and should be discharged."

*L. J. Blalock, W. W. Dykes,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.