## 7654. WALKER v. THE STATE.

BROYLES, J. 1. It does not appear from the record that the trial judge abused his discretion in refusing to grant the defendant's motion to postpone the case for two days for the purpose of allowing his counsel to prepare a plea of former jeopardy, it being recited in the bill of ex-ceptions that "the court declined to grant the postponement asked, but did postpone the trial until the defendant's attorney could prepare and did prepare a special plea which appears of record in said case," and it further appearing from the bill of exceptions and the record that the "special plea" so prepared was a plea of former jeopardy.

2. Upon a trial in a criminal case where it develops, after the jury has been empaneled, but before any of the evidence has been submitted, that one of the jurors is related within the prohibited dgree to the prose-cutor, the right to set him aside and to continue the case is well set-tled. In such a case it is not necessary to declare a mistrial. *Armor* v. *State*, 125 *Ga.* 3 (53 S. E. 815). See also Penal Code, § 999 (4); *Jackson* v. *State*, 51 *Ga.* 402. It follows that where one is being tried for a criminal offense before a judge who by consent is exercising the functions of both judge and jury, and where during the trial, but be-fore any evidence *upon the merits* of the case has been heard, the judge discovers that by reason of his relationship to the prosecutor he is dis-qualified to try the case, and announces this from the bench, and on his own motion, *but without any objection from the defendant,* enters an order reciting his disqualification and remanding the case for trial before another judge, a plea of former jeopardy, filed by the defend-ant on being arraigned before the last-mentioned judge, is subject to be stricken on an oral demurrer. In the instant case the trial judge was both judge and jury, and from the record it is clear that he was disqualified as a juror to try the case, and it is equally clear that the correct thing to do was to set himself aside and to procure a judge who was qualified to try the case. When the judge held himself disquali-fied and so announced in open court, the defendant by his silence pre-

sumably acquiesced in this proceeding. This ruling is not in conflict with the decision in *Oliveros* v. *State*, 120 *Ga.* 237 (47 S. E. 627, 1 Ann. Cas. 114), relied on by counsel for the plaintiff in error; for in that case a mistrial was declared by the trial judge on his own motion and *over the protest of the accused,* while in the instant case no mistrial was declared, but the case was continued merely for a few hours, until a qualified judge could be secured, and to this the *accused made no objection of any kind until he was arraigned before the latter judge.* The proceeding in this case was in the nature of a mistrial, though not technically in that form. In view of the fact that there was no jury in the case, and under the other facts thereof, it was not necessary to declare a mistrial, but it was the right and the duty of the judge, upon his disqualification appearing, to decline to proceed with the trial. There can be no mistrial, in the usual sense of that term, where a criminal case is tried by a judge without a jury. Anything that would authorize a judge to withdraw a case from a jury and declare a mistrial would authorize him, when trying a criminal case without a jury, to withdraw the case from *his own* further consideration without declaring a mistrial. A defendant can not voluntarily consent for a judge to try his case without the intervention of a jury, and then claim "former jeopardy" where the judge, upon learning that he was disqualified to try the case, and before any evidence upon the merits of the case had been heard, declined to do so and secured a qualified judge to try the case. *Judgment affirmed. Wade, C. J., concurs.*

DECIDED DECEMBER 21, 1916.

Accusation of larceny; from city court of Macon—Judge Mathews presiding. June 12, 1916.

*Sol. L. Wiseberg,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.