## 45679. MINTER v. THE STATE.

HALL, Presiding Judge. Defendant appeals from the denial of his plea of former jeopardy. At the trial, and after the State had presented its case, the judge (sitting as fact finder) declared a mistrial when he discovered that one of defendant's witnesses was a former client and he would be thereby prejudiced. The case was transferred to another division of the court. When it

came on the calendar again six months later, defendant filed his plea of former jeopardy. He contends the mistrial was declared upon an illegal ground and over his objection at the time. The term "mistrial" is technically a misnomer where a case is tried by a judge without a jury. The judge is merely withdrawing the case from his own consideration. *Walker v. State,* 19 Ga. App. 98 (90 SE 1041).

If a mistrial is granted over the objection of a defendant, then a plea of former jeopardy should be sustained. *Bell v. State,* 103 Ga. 397 (30 SE 294, 68 ASR- 102); *Oliveros v. State,* 120 Ga. 237 (47 SE 627); *Hopkins v. State,* 6 Ga. App. 403 (65 SE 57). Here, however, there is nothing but defendant's bare assertion that he so objected. There is no transcript or stipulation of evidence, nor anything else in the record to negate the recitation in the court's order that the mistrial was granted "upon agreement of counsel for the defendant and counsel for the State, and upon good and sufficient cause being shown." The order is presumed to recite the truth. 60 CJS 111, 118, Motions & Orders, § 65 (g) (2); *Palmer Brick Co. v. Woodward,* 135 Ga. 450 (69 SE 827). If it did not, defendant's remedy was to file a motion to correct it, before the judge who issued it, at the same term of court, and while the matter was still fresh in his mind. It is too late to complain now.

*Judgment affirmed. Deen and Evans, JJ., concur.*
SUBMITTED OCTOBER 7, 1970—DECIDED OCTOBER 26, 1970.

*Atkins & Atkins, Dorothy D. Atkins,* for appellant.

*Hinson McAuliffe, Solicitor, Robert O'Neil, Frank A. Bowers,* for appellee.