## UNITED STATES, Appellee

v

## RICHARD L. PLATT, Lieutenant Colonel, U. S. Army, Appellant

### 21 USCMA 16, 44 CMR 70

*Captain Robert B. Harrison, III,* argued the cause for Appellant, Accused. With him on the brief was *John K. Lally, Esquire.*

*Captain M. Douglas Deitchler* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, Captain M. M. O'Dowd, Jr.,* and *Captain David E. Wilson.*

## Opinion

QUINN, Judge:

Tried by a military judge sitting as a general court-martial without court members, the accused was convicted of sodomy, attempted sodomy, and conduct unbecoming an officer, and was sentenced to be dismissed from the service. On this appeal he contends that certain events in the proceedings resulted in the judge's loss of "jurisdiction to try" him.

A reporter's note and remarks by the judge indicate that trial began at 1:10 p.m. with a session under Article 39 (a), Uniform Code of Military Justice, 10 USC § 839, which authorizes convening of a court-martial "without the presence of the members" for specified purposes. From the judge's remarks, it further appears that at 9:30 that morning an Article 39(a) session had been held to consider, among other things, the accused's request for trial by the military judge alone. That session had continued until a recess for lunch at 11:30 a.m. It had proceeded through the arraignment and the partial presentation of evidence in connection with a defense motion to dismiss the charges for inordinate delay in prosecution. During the recess, it was discovered that "none of the proceedings" had been "recorded on the dictaphone machine." When the parties reassembled, the judge informed counsel of the machine's inoperativeness. The proceedings continued as follows:

". . . In the light of the fact that it would be impossible to reconstitute the record of proceedings that had occurred in this mornings Article 39a session, and after assembly of the court, I deem it necessary to hereby declare a mistrial in this case, and in so doing, ask the trial counsel here, if and when will he be ready to proceed with the case anew.

"TC: Sir, the government is ready to proceed immediately with the trial in the case of United States v Lieutenant Colonel Platt.

"MJ: Alright, let me ask the defense counsel, Major Kane. Do you still desire an Article 39a session in this case?

"DC: With the matters that have been ascertained, sir, as far as the accused and before whom we wish to try the case, it is no longer necessary to have an Article 39a session at this point. We are ready to proceed anew on our initial motion, when we get to that point, sir.

"MJ: I see. Well, it's going to be necessary, since we have nothing recorded, well, the way I understand it then, it is the desire of the accused to submit to me in writing a request that he be tried by the Military Judge alone, without the members of the court.

"DC: Yes, sir, it is.

"MJ: If that is so, we will still call this an Article 39a session, and go through the proceedings as we have.

"DC: All right, sir.

"MJ: It will be necessary. So would the trial counsel state now, follow the procedure for the Article 39a session.

. . . . . .

"MJ: And Colonel Platt, it will be necessary for me to direct the same questions to you that I have previously directed in the not recorded session. You may remain seated. You have the right to be represented at this trial by a civilian lawyer provided by you at your own expense. Do you understand that?

"ACC: Yes, sir. [Here the judge proceeded to inform the accused of his right to counsel.]

. . . . . .

"TC: . . . If the Military Judge is aware of any matters which he believes may be grounds for challenge by either side against him, he should now state such matters.

"MJ: I have none with the exception that in the proceedings this morning, of course I was the Military Judge in the case. Since I have declared a mistrial, and the case is commencing anew, I do wish to make it known to the defense counsel and the accused, that I have been the Military Judge with this case when it earlier commenced, at which I had declared a mistrial. I know that the defense counsel are aware of that fact because they were here, but that is a disclosure I must make.

"DC: Defense recognizes that, sir, and has no objections.

"TC: The prosecution has no challenge for cause against the Military Judge. Does the accused desire to challenge the Military Judge for cause?

"DC: The accused does not wish to challenge the Military Judge.

. . . . . .

"MJ: Colonel Platt, I know that I have previously advised you on our other out of court hearing, or our other Article 39a session, which, to which I declared a mistrial, of your rights in the matter, as far as being tried by a court composed of a Military Judge and members of the court, or being tried by the Military Judge alone." [At this point, the trial judge advised the accused of the consequences of a trial before a judge alone. The accused declared his desire to be tried by a military judge without court members.]

Focusing on the judge's declaration of a "mistrial," the accused contends that the judge lost "jurisdiction" to continue with the trial, and, in any event, the "procedure" "resulted in a nonverbatim record of trial." Manifestly, if what transpired in the morning Article 39 (a) session was not repeated with punctuational detail in the afternoon session, the substance was fully recorded, thereby obviating any possibility of prejudice to the accused. United States v Forwerck, 12 USCMA 540, 31 CMR 126 (1961); United States v Nelson, 3 USCMA 482, 13 CMR 38 (1953); cf. United States v Benoit, 43 CMR 666 (ACMR 1971).

As to the jurisdictional issue, it is settled principle that the grant of a mistrial does not constitute a dismissal of the charges. United States v Nichols, 8 USCMA 119, 23 CMR 343 (1957). The accused does not dispute the principle, but he observes that under the Manual for Courts-Martial a "declaration of a mistrial acts to withdraw the charges from the court-martial." Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 56e, at page 10–9. He contends that since the convening authority did not thereafter again refer the charges to trial there was "a failure of jurisdiction," and the trial judge could not continue with the case. The Government opposes the accused's argument with a different construction of the trial judge's use of the word "mistrial." Borrowing from the staff judge

advocate's discussion of the matter in the post-trial advice, it maintains that, construed in "context," the word "mistrial" was not used in the formal, technical sense of vitiating the entire proceedings, but rather to express the more restrictive idea of recording what had not been recorded, in the same way, for example, as a witness might be asked to repeat an answer that had not been heard. The judge's intention, contends the Government, was to correct, not to nullify, the trial proceedings.[1]

Although one would expect a judge to use a term of art in its usual sense, the preliminary nature of the Article 39(a) session and defense counsel's manifest willingness to accept as settled "the matters that . . . [had] been ascertained" in the morning session tend to support the Government's view of what was intended and what was done. On the other hand, the judge's remarks during the challenge procedure suggest that he meant to nullify the initial proceedings. However, I need not choose between the alternatives presented by the parties. Also, I need not consider whether the Manual's provision as to the effect of a declaration of a mistrial applies to a case in which the trial, at the accused's request, is before a military judge alone and the reason for the mistrial does not affect the competency or the qualification of the judge to sit. Cf. Minter v State, 122 Ga App 695, 178 SE2d 335 (1970). Suffice it to note that this provision is cross-referenced to paragraph 56b of the Manual which provides, in part, that when trial is by a military judge, as requested by the accused, "the case may not be withdrawn," except for good cause. For purposes of this appeal, I may assume, without deciding, that a mistrial was declared and that it operated, as paragraph 56e provides, "to withdraw the charges from the court-martial."

Declaration of a mistrial puts the accused in the same position he was in before trial. Manual for Courts-Martial, supra, paragraph 56e(3), page 10–9; United States v Gladding, 265 F Supp 850, 854 (SD NY) (1966). It is not a judgment of acquittal. State v Schmear, 28 Wis 2d 126, 135 NW2d 842 (1965); nor does it result in dismissal of the charges. United States v Nichols, supra. In the civilian community, a mistrial leaves the cause still pending in the trial court, Grooms v Zander, 246 SC 512, 144 SE2d 909, 910 (1965); in the military, under paragraph 56e of the Manual, the charges are returned to the convening authority for further disposition. Essentially, therefore, the impediment to continuation of the trial was the failure to comply with the Manual provision for a second pretrial advice and a second reference of the charges to trial.

Paragraph 67b, Manual, supra, provides that "objections based on defects in the . . . reference for trial . . . or other pretrial proceedings" are waived unless proper objection is made "prior to plea or prior to the conclusion of any Article 39(a) session held prior to assembly [of the court-martial], whichever occurs earlier." See also United States v Mickel, 9 USCMA 324, 26 CMR 104 (1958). In United States v Emerson, 1 USCMA 43, 1 CMR 43 (1951), the charges were referred to one court-martial, but tried by another which convicted the accused. On appeal to this Court, the accused contended that the court-martial lacked jurisdiction to try him because it had not formally received the charges. We rejected that contention. We also pointed out that the failure to follow the Manual's provision for reference of the charges to trial did not, in the circumstances, "in any way . . . [affect] the substantial rights of the accused." Id., at page 45.

Here, the accused did not merely fail to object; he specifically reaffirmed his

---

[1] It has been held that, technically, a "mistrial" occurs only when a *jury* is discharged without a verdict; consequently, the term is said to be in-applicable to a trial before a judge alone. Minter v State, 122 Ga App 695, 178 SE2d 335, 336 (1970).

desire to be tried by the particular military judge. He was ■ fully apprised of the defect in the earlier proceedings, and he was willing to continue with the trial, even to the extent of accepting "the matters that . . . [had] been ascertained." Thus, the record demonstrates that the accused affirmatively elected to proceed without formal return of the charges to the convening authority for re-reference to the judge. It is now, in my opinion, too late to argue that he was prejudiced by the omission of these steps in the pretrial proceedings against him. United States v Mickel, supra.

The decision of the United States Army Court of Military Review is affirmed.

DARDEN, Chief Judge (concurring in the result):

Although the military judge in this case used the word "mistrial" when he realized that the recording equipment had not been functioning, I consider that this was not a mistrial in the normal sense of the term. In these circumstances, compliance with provisions for new pretrial advice and reference for trial could not have served any purpose beneficial to the accused. Accordingly, our allowing a slip of the tongue to transform what was really a repetition of testimony into a new trial would in my opinion constitute an unacceptably mechanical and unimaginative approach to the problem.

FERGUSON, Senior Judge (dissenting):

I dissent.

In military jurisprudence, "the declaration of a mistrial acts to withdraw the charges from the court-martial." Paragraph 56e(1), Manual for Courts-Martial, United States, 1969 (Revised edition). The charges are thereupon returned to the convening authority for consideration. "If further prosecution is contemplated, . . . the convening authority, . . . will again refer the charges to his staff judge advocate or legal officer for consideration and advice. See 35b and c

**20**

and Article 34(a) [Uniform Code of Military Justice, 10 USC § 834]." Paragraph 56e(3), Manual, supra. These rules of procedure "have the force of law under a congressional delegation of power to the President to implement the Uniform Code (United States v Smith, 13 USCMA 105, 32 CMR 105 (1962)), and remain effective until a statute or an executive order changes them." United States v Jordan, 20 USCMA 614, 44 CMR 44 (1971).

In the case at bar, the military judge was eminently correct in declaring a mistrial when it was discovered that the recording device had been inoperative during the whole of the two-hour morning session and that it would be impossible to reconstitute the record of the proceedings. United States v Schilling, 7 USCMA 482, 22 CMR 272 (1957). Unfortunately this judge, unlike the law officer in *Schilling*, believed that he could simply begin over again if counsel were ready. His action in so doing was without authority (paragraph 56e, Manual, supra) and, hence, null and void. United States v Robinson, 13 USCMA 674, 33 CMR 206 (1963).

Jurisdiction of a court-martial does not attach simply because the parties agree thereto. In McClaughry v Deming, 186 US 49, 62, 46 L Ed 1049, 1055, 22 S Ct 786 (1902), the Supreme Court held:

". . . A court-martial is the creature of statute, and, as a body or tribunal, *it must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction.*" [Emphasis supplied.]

And in Runkle v United States, 122 US 543, 555, 556, 30 L Ed 1167, 1170, 7 S Ct 1141 (1887), the following appears:

"A court-martial organized under the laws of the United States is a court of special and limited jurisdiction. It is called into existence for a special purpose and to perform a particular duty. When the object of

its creation has been accomplished it is dissolved. . . . *To give effect to its sentences it must appear affirmatively and unequivocally that the court was legally constituted; that it had jurisdiction; that all the statutory regulations governing its proceedings had been complied with, and that its sentence was conformable to law."* [Emphasis supplied.]

See also Dynes v Hoover, 20 Howard 65 (US 1858); United States v Brown, 206 US 240, 51 L Ed 1046, 27 S Ct 620 (1907); United States v Vanderpool, 4 USCMA 561, 16 CMR 135 (1954); United States v Robinson, supra. The court-martial in this case, not having been convened "in entire conformity with the provisions of the statute" (McClaughry v Deming, supra, 186 US, at page 62), it was without jurisdiction to proceed.

In military law, a failure to contest jurisdiction does not operate to waive a want thereof. Paragraph 68*b*(1), Manual, supra, provides in part:

". . . If the court lacks jurisdiction . . . the proceedings are a nullity. These objections cannot be waived and may be asserted at any time."

See United States v Roberts, 7 USCMA 322, 22 CMR 112 (1956), and United States v Robinson, supra, where the following is noted at page 678:

". . . No action or lack of action by an accused can give jurisdiction therefor nor constitute a waiver of the procedure ordained by statute. As stated in McClaughry v Deming, supra, at 186 US 66:

'But it is said defendant did not object to being tried by this illegally constituted court, and that his consent waived the question of invalidity. We are not of that opinion. It was not a mere consent to waive some statutory provision in his favor which, if waived, permitted the court to proceed. His consent could no more give jurisdiction to the court, either over the subject-matter or over his person, than if it had been composed of a like number of civilians or of women. The fundamental difficulty lies in the fact that the court was constituted in direct violation of the statute, and no consent could confer jurisdiction over the person of the defendant or over the subject-matter of the accusation, because to take such jurisdiction would constitute a plain violation of law. His consent had no effect whatever in the face of the statute which prevented such men sitting on the court.' "

The military judge having declared a mistrial, the charges were withdrawn from the court-martial by operation of law. Paragraph 56*e*(1), Manual, supra. Cf. United States v Waldron, 15 USCMA 628, 36 CMR 126 (1966); United States v Keenan, 18 USCMA 108, 39 CMR 108 (1969); Wade v Hunter, 336 US 684, 93 L Ed 974, 69 S Ct 834 (1949), rehearing denied, 337 US 921, 93 L Ed 1730, 69 S Ct 1152 (1949). In such circumstances, it was without jurisdiction to proceed.

I cannot agree that the declaration of a mistrial may be viewed as a simple slip of the tongue and, hence, ignored. Cf. United States v Villa, 19 USCMA 564, 42 CMR 166 (1970); United States v Montgomery, 20 USCMA 35, 42 CMR 227 (1970). Nor is it of any importance that a new pretrial advice and reference for trial may or may not have been beneficial to the accused. The basis for a mistrial is *manifest necessity* (Wade v Hunter, supra, and United States v Waldron, supra, and cases cited at page 631) which, in this case, was clearly present by virtue of the inoperation of the recording device for a two-hour period of the trial. Lacking this portion of the record, which the judge acknowledged could not possibly be reconstituted, the record was not verbatim. Article 54, Code, supra, 10 USC § 854; United States v Weber, 20 USCMA 82, 42 CMR 274 (1970). Under such circumstances, a "failure to discontinue would defeat the ends

**21**

of justice." Wade v Hunter, supra, 336 US, at page 690. See also Brock v North Carolina, 344 US 424, 97 L Ed 456, 73 S Ct 349 (1953). There simply was no other remedy available. However, having declared that the record could not be reconstituted, the judge proceeded to attempt to accomplish that very thing by beginning the trial anew. He was estopped from so doing by his declaration of a mistrial. Article 56e, Manual, supra.

I would reverse the decision of the Court of Military Review and direct that a rehearing may be ordered.