**UNITED STATES**

**v.**

**Nolan M. CROWELL, 526 71 0966, Machinist's Mate Fireman Apprentice (E–2), U.S. Navy.**

**NMCM 85 1885.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 6 March 1985.

Decided 11 Dec. 1985.

LCDR FREDERICK N. OTTIE, JAGC, USN, Appellate Defense Counsel.

LT SUSAN R. CORNELL, JAGC, USNR, Appellate Defense Counsel.

LT DAVID O. VOLLENWEIDER, III, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and CASSEL and MIELCZARSKI, JJ.

GLADIS, Senior Judge:

The accused was convicted at a special court-martial bench trial of violations of Articles 86, 91, 92, and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 891, 892, 921, and sentenced to a bad conduct discharge, confinement at hard labor for 40 days, and reduction to pay grade E–1. An officer exercising general court-martial jurisdiction, taking the convening authority's action, approved the sentence.

The issue in this case is whether the military judge may, prior to authentication of the record, hold a post-trial session to repeat proceedings for which a verbatim transcript cannot be prepared because of loss of recordings. We hold that he may and affirm.

Three months after announcing the sentence, but before authentication of the record, the military judge held a post-trial session over defense objection to repeat the proceedings for which a verbatim record could not be prepared. The tape recording of the announcement of findings and the subsequent proceedings had been lost. The accused, who was on appellate leave, voluntarily waived his right to be present at this session. The judge characterized the session as a rehearing and conducted

the sentencing proceedings *de novo*, but limited the sentence to that previously announced. (R. 141). Defense counsel objected on the ground that Rule For Court-Martial (R.C.M.) 1103(f) required the preparation of a summarized record for the convening authority who could either disapprove the bad conduct discharge or direct a rehearing.

Appellate defense counsel reiterates this position, arguing that R.C.M. 1103(f) provides the exclusive remedy when a verbatim record cannot be prepared and, consequently, the judge had no authority to hold the session. We disagree.

R.C.M. 1103(f) provides that if, because of loss of recordings or other reasons, a verbatim transcript cannot be prepared when required, a summarized record shall be prepared, and the convening authority may approve only so much of the sentence which could be adjudged by a special court-martial, except that no bad conduct discharge may be approved; or direct a rehearing as to any offense of which the accused was found guilty if the finding is supported by the summary of the evidence in the record, provided that the court-martial in a rehearing may not adjudge any sentence in excess of that adjudged by the earlier court-martial.

R.C.M. 1102 provides that a military judge may direct a post-trial Article 39(a), 10 U.S.C. § 839(a) session any time before the record is authenticated to resolve any matter which arises after trial and which substantially affects the legal sufficiency of any findings of guilty or the sentence. The rule, which specifically enumerates matters which are not subject to post-trial sessions, does not exclude the repetition of proceedings for which a verbatim record cannot be prepared. The inability to prepare a verbatim record is a matter affecting the legality of the sentence in a case, such as this, in which a verbatim record is required to approve a sentence including a bad conduct discharge. R.C.M. 1102 is based on, among other cases, *United States v. Brickey*, 16 M.J. 258, 265 (C.M.A. 1983), which recognizes the right of a military judge, prior to authentication of the record, to conduct a post-trial Article 39(a) session that does not materially prejudice the substantial rights of the accused. *Manual for Courts-Martial, 1984* (MCM, 1984), Appendix 21, Analysis at A21–69. In *Brickey*, the Court noted its prior holding that Article 62(b), UCMJ, which allows the convening authority to direct a proceeding in revision was not exclusive and did not preclude a judge from conducting such a hearing on his own motion. *Id.* at 263.

We do not find that R.C.M. 1103(f) provides an exclusive remedy, when a verbatim record cannot be prepared, which precludes the judge from repeating the proceedings. This rule is based on *Manual for Courts-Martial, 1969 (Rev.)* (MCM, 1969) paragraph 82*i*. MCM, 1984, Appendix 21, Analysis at A21–70. Although MCM, 1969, contained no provision similar to R.C.M. 1102, paragraph 82*i* was not construed to preclude a military judge on his own motion from repeating proceedings for which a verbatim record could not be prepared. *See United States v. Platt*, 21 U.S.C.M.A. 16, 44 C.M.R. 70 (1971); *United States v. Howard*, 9 M.J. 873 (N.C.M.R. 1980). R.C.M. 1103(f) should not be construed to be inconsistent with R.C.M. 1102. In this case the judge's reference to the post-trial session as a rehearing is not dispositive. *Platt, supra.* We conclude that the post-trial session held by the judge to repeat proceedings for which a verbatim record could not be prepared was authorized by R.C.M. 1102. Accordingly, the findings of guilty and sentence are affirmed. We have considered trial defense counsel's reply to the staff judge advocate's recommendation.

Judge CASSEL and Judge MIELCZAR-SKI concur.