**UNITED STATES**

**v.**

**Technical Sergeant Andrew FOUNTAIN, FR 587–42–3913, United States Air Force.**

**ACM 25145.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 Nov. 1985.

Decided 17 April 1986.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Deborah A. Baker.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major David F. Barton.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

## DECISION

O'HAIR, Judge:

Pursuant to his plea, the appellant was found guilty of stealing in excess of one hundred dollars from the England Air Force Base, Louisiana, Class VI Store, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. He was sentenced by officer members to be discharged from the service with a bad conduct discharge, to be confined for one year, to pay a fine of $500 and to be reduced to the grade of E-3. On appeal before this Court the appellant argues the military judge erred in denying a defense motion at trial to suppress his second confession to a special agent (SA) of the Office of Special Investigations (OSI) on the basis it was violative of Military Rules of Evidence (Mil. R.Evid.) 305(e). We find no error and affirm.

Appellant committed this offense while he was an employee of the Class VI Store, a nonappropriated fund alcoholic beverage retail outlet which was operated on the base. An income shortage of about $4000 which occurred during his employment, in conjunction with a complaint from a customer about the unusual manner in which he was totalling up liquor sales, resulted in an OSI investigation of appellant. One aspect of this investigation was the installation of two hidden video cameras in the Class VI Store during periods when appellant was working as a cashier. These cameras photographed him taking money from the cash register on several occasions under circumstances which led the OSI agents to believe he was stealing the money. He was thereafter apprehended, advised of his rights and, when questioned by SA Darby, admitted stealing approximately $200.

Sometime later the appellant, after consulting with his defense counsel, consented to submit to a polygraph examination. Several hours before the examination was to be administered by SA Pearce, he and SA Darby visited the accused's defense counsel's office. After explaining the procedures which were to be followed, SA Pearce asked the defense counsel whether appellant, in the event he failed the examination, would submit to a post-polygraph interview. The government and defense counsel both submitted evidence on this issue and the military judge made findings of fact. The judge determined that the defense counsel gave a negative reply to SA Pearce's question but indicated he would speak to appellant before the examination; the defense counsel stated he would advise him not to make a statement, but the decision would be up to appellant.

Before appellant met with SA Pearce for the examination, he reported to SA Darby's office where the latter insured that appellant had spoken with his defense counsel. Appellant testified he informed SA Darby he would not be submitting to a post-polygraph interview. SA Darby denied receiving any information about the interview and SA Pearce testified similarly. The military judge, in his findings of fact, found that neither SA Darby nor SA Pearce were informed by appellant of a desire to not participate in a post-polygraph interview. The appellant and SA Darby then went to the room where SA Pearce had the polygraph machine assembled and SA Darby left the appellant and SA Pearce alone. SA Pearce followed the usual procedures for conducting a polygraph examination, including the advisement of rights, an explanation of the operation of the machine, a discussion of the questions to be asked, and a reiteration of the confession appellant had made to SA Darby immediately after his apprehension.

The polygraph examination was conducted and the analysis of the results convinced SA Pearce that appellant was being deceptive when he stated he had taken no more than $200 from the Class VI Store. SA Pearce began to question appellant about

this discrepancy without any additional rights advisement or notification to his defense counsel and appellant did not request that his defense counsel be present or that the interview be terminated. During the interview he confessed that in addition to the $200 he had also undercharged sales on the cash register in the amount of $1000 to $1500. After securing this second confession, which is the subject of this assignment of error, the two of them returned to SA Darby's office for the purpose of putting this confession in writing. They contacted appellant's defense counsel prior to doing this and once counsel had conferred with appellant, appellant declined to execute such a statement and the interview was terminated. At trial the government intended to present this second confession as a matter in aggravation.

Appellant now argues that this oral confession to SA Pearce should be suppressed because it violates Rule 305(e), Mil.R.Evid. which provides:

Notice to Counsel. When a person subject to the code who is required to give warnings under subdivision (c) intends to question an accused or person suspected of an offense and knows or reasonably should know that counsel either has been appointed for or retained by the accused or suspect with respect to that offense, the counsel must be notified of the intended interrogation and given a reasonable time in which to attend before the interrogation may proceed.

This evidentiary rule is simply a restatement of the holding in *United States v. McOmber*, 1 M.J. 380 (C.M.A.1976) which formalized the requirement that "an attorney once appointed or retained to represent a military suspect must first be contacted by investigators who have notice of such representation when they wish to question the suspect." *McOmber, supra.* We find this basic and important right to counsel was strictly adhered to in this case.

■ After appellant agreed to submit to the polygraph examination, the special agent who was to administer it personally visited the defense counsel several hours before the examination to inform him of the time and place of the interview and to ask if his client would submit to a post-polygraph interview. The two special agents left the defense counsel's office with the opinion that he would contact appellant, recommend that he not submit to a post-polygraph interview, and appellant would inform them of his decision at the time of the examination. The defense counsel also did not indicate any desire to be present during the examination nor was he told he was prohibited from attending. Clearly, the government agents complied with the notice requirement found in Mil.R. Evid. 305(e) during their morning visit to the defense counsel. The defense counsel permitted appellant to elect which constitutional and statutory rights he wished to exercise or waive when confronted with SA Pearce's polygraph examination and subsequent interview.

■ Appellant would have us segment the polygraph procedure into different parts, such as the pre-examination interview, the polygraph examination itself, and the post-examination interview. We think this distinction is unsupportable and that the polygraph process can only reasonably be viewed as one operation which entitles the defense counsel to only one notice. Assuming proper notice is given to defense counsel before the polygraph examination proceedings are initiated, as well as a proper advisement of rights to the suspect, we believe the polygraph examination process can continue without further notice to counsel until such time as it is either completed, or the suspect asks that it be terminated, whichever event occurs first. *See United States v. Aikens*, 16 M.J. 821 (N.M. C.M.R.1983); *pet denied* 17 M.J. 94 (C.M.A. 1983).

We find the defense counsel was given satisfactory notice as required under Mil.R. Evid. 305(e) and the questioning by SA Pearce was not violative of any rights of appellant. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, MURDOCK, Judge, concur.