**UNITED STATES, Appellee,**

v.

**Staff Sergeant Gonzalo MORA, 455–96–6759, United States Army, Appellant.**

**CM 447894.**

U.S. Army Court of Military Review.

3 June 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Jerry W. Peace, JAGC, Captain David C. Hoffman, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Erik M. Stumpfel, JAGC (on brief).

Before RABY, CARMICHAEL and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

ROBBLEE, Judge:

Pursuant to his pleas, appellant was convicted by a military judge sitting as a general court-martial of an absence without leave terminated by apprehension, three larcenies, and two specifications of making and uttering a false check in violation of Articles 86, 121, and 123 of the Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, and 923 (1982), respectively. He was sentenced to a dishonorable discharge, confinement for five years, total forfeitures, and reduction to the grade of Private E–1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for eighteen months, total forfeitures, and reduction to the grade of Private E–1.

During the sentencing phase of the trial, trial defense counsel offered three enlisted evaluation data reports (Defense Exhibits A, B, and C) reflecting Skill Qualification Test (SQT) results ranking appellant in the 14th, 24th, and 27th percentiles, respectively, of those personnel in his grade and military occupational specialty. Defense counsel further introduced an enlisted evaluation report (Defense Exhibit D) which reflected that appellant had a "low" rating in a majority of categories. Defense counsel also failed to object to the introduction of Prosecution Exhibit 2, a DA Form 2–1, which showed that appellant had accrued 218 days' bad time. As a result of the foregoing, the military judge, *sua sponte*, declared a mistrial for sentencing only.

Appellant urges that in declaring a mistrial as to sentencing, the military judge erred in two respects, both violative

of Rule for Courts-Martial [hereinafter referred to as RCM] 915.[1] He first contends that the military judge erred by failing to inquire into the views of the parties before declaring a mistrial. Secondly, he asserts that the military judge erred by not requiring that the charges be re-referred before conducting a new sentencing proceeding. We find that only the first part of appellant's claim of error merits discussion.[2]

While it is self-evident that compliance with RCM 915(b) is the better practice, we nonetheless conclude that the failure to so comply in the instant circumstances constituted no more than harmless error. In this regard, we note that RCM 915(b) was promulgated principally to aid in making appropriate disposition of former jeopardy motions in possible follow-on trials. *See* RCM 915(b), Drafters' Analysis, Appendix 21, Manual for Courts-Martial, United States, 1984 ("Because the consent or lack thereof of the defense to a mistrial may be determinative of a former jeopardy motion at a second trial, the views of the defense must be sought."). However, since the military judge declared a mistrial as to sentencing only, former jeopardy was not in issue at the second sentencing hearing conducted in this case. *See* RCM 915(c)(2) and *United States v. Richardson*, 44 C.M.R. 108 (C.M.A.1971). Additionally, we are mindful that the *sua sponte* declaration of a mistrial, without an accused's consent or objection thereto, has been held permissible when undertaken on a reasonably held belief that such action was in the best interest of the accused. *Gori v. United States*, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961). In view of the evidence presented by the trial defense counsel during sentencing, we conclude that the military judge acted on a good faith belief that the best interest of appellant required his declaration of a mistrial.

Appellant also asserts that the military judge erred by failing to dismiss Specification 1 of Additional Charge III (making a false check) as being multiplicious for findings with Specification 2 of Additional Charge II (uttering the falsely made check). We disagree. Although the record reflects that both specifications involved the same check, it also leaves no doubt that the offenses occurred at different places separated in time by not less than a month. In light of the aforementioned evidence and pleadings, we find that the challenged specifications did not arise from the same act or transaction and thus foreclose the need to inquire further into appellant's multiplicity claim. *United States v. Zubko*, 18 M.J. 378 (C.M.A.1984); *United States v. Baker*, 14 M.J. 361 (C.M.A.1983).

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge RABY and Judge CARMICHAEL concur.

---

1. Rule for Courts-Martial 915 pertinently provides:
   (b) *Procedure.* On motion for a mistrial or when it otherwise appears that grounds for a mistrial may exist, the military judge shall inquire into the views of the parties on the matter and then decide the matter as an interlocutory question.
   (c) *Effect of declaration of mistrial.*
   (1) Withdrawal of charges. A declaration of a mistrial shall have the effect of withdrawing the affected charges and specifications from the court-martial.

2. The record of trial reflects that the convening authority, pursuant to the recommendation of the Staff Judge Advocate, referred the affected charges anew to the same court-martial. Absent a timely motion by appellant, any objection relative to the form of the re-referral is waived. Defense made no such motion in this case.