**UNITED STATES, Appellee,**

v.

**Private E-2 Bobby G. HOLLIDAY, 235–02–3945, United States Army, Appellant.**

**CM 448987.**

U.S. Army Court of Military Review.

19 May 1987.

---

For Appellant: Captain David C. Hoffman, JAGC (argued); Lieutenant Colonel Joel D. Miller, JAGC, Major Jerry W. Peace, JAGC (on brief).

For Appellee: Captain Richard Parker, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Tarek Sawi, JAGC, Captain Kathy J.M. Peluso, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Contrary to his pleas, he was convicted of absence without leave (Charge I), larceny (Charge II), and fourteen specifications each of falsely making and uttering checks with the intent to defraud (Charge III), in violation of Articles 86, 121 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921 and 923 (1982) [hereinafter UCMJ], respectively. His sentence to a

dishonorable discharge, confinement for five years, forfeiture of all pay and allowances and reduction to the lowest enlisted grade was approved by the convening authority. Appellant asserts, *inter alia,* that the military judge erred in admitting an inculpatory statement taken without adequate notice to counsel. We disagree.

## I

The appellant was apprehended in Florida and transported to Fort Hood, Texas, where he was placed in pretrial confinement at the Installation Detention Facility. On the morning of 27 March 1986 both Special Agent (SA) J of the Criminal Investigation Command (CID) and Senior Defense Counsel Major (MAJ) C, U.S. Army Trial Defense Service, went to talk to the appellant.[1] The conflict between the two as to who would speak initially to the appellant was resolved by the desk sergeant declaring that appellant would see his defense counsel first. Major C told SA J that he was appellant's defense counsel and would advise the appellant not to speak with SA J, to which SA J responded that he was "going to need to interview" the appellant at his CID office and hear from him that he would not talk.

After consulting with MAJ C, the appellant left the room while MAJ C remained behind to prepare for his next client interview. Minutes thereafter, when MAJ C emerged from the office, he did not see either SA J or the appellant. In the meantime, when the appellant had left the interview with MAJ C, he was taken into custody by SA J who frisked the appellant, handcuffed him, took him to the CID office and advised him of his rights. The appellant invoked his rights to silence and to counsel.

 Agent J did not question the appellant regarding the offenses he was investigating, but required him to complete check exemplars. Some of the samples were executed in an incriminating manner.[2] Late in the taking of the exemplars, the appellant changed his mind, waived his rights after being readvised, and rendered the statement at issue. The appellant told SA J that his lawyer had told him not to say anything but to "forget about him" since the appellant wanted to talk to the agent.

The defense contends on appeal, as it did at trial, that SA J had an obligation under *United States v. McOmber,* 1 M.J. 380 (C.M.A.1976), to provide reasonable notice to counsel of the "first" interview, the initial approach to the appellant by SA J at which the appellant invoked his rights, and that SA J had an additional *McOmber* notification requirement at the initiation of the "second" interview, the questioning that took place after the appellant indicated that he wished to talk to SA J.

The rule set forth in *McOmber,* codified in Manual for Courts-Martial, United

---

1. While military law requires the early assignment of counsel for a prisoner confined for more than a brief period, *United States v. Jackson,* 5 M.J. 223 (CMA 1978), Major C was not the appellant's appointed defense counsel for purposes of trial, but consulted with the appellant to give him advice because he was a new pretrial confinee. Major C informed the appellant of his limited appointment and that a Captain (CPT) O would be representing him at any court-martial proceedings. Under Army Regulation 27–10, Legal Services: Military Justice, para. 5–13b (1 July 1984), counsel from the U.S. Army Trial Defense Service is to consult with an accused within 72 hours of the latter's entry into pretrial confinement. For a related procedure, compare Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 305(f) (counsel "may be assigned for the limited purpose of representing the accused only during

the pretrial confinement proceedings before charges are referred").

2. We find SA J's actions in this regard were proper. *See generally United States v. Harden,* 18 M.J. 81 (C.M.A.1984); *United States v. Roa,* 20 M.J. 867 (A.F.C.M.R.1985). Notwithstanding the appellant's exercise of his rights, the investigator could properly continue the interview so long as he did not conduct interrogation in violation of those rights. *See Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Further, the compelled production of a handwriting exemplar, even in an incriminating style uncharacteristic of the accused, does not violate the fifth amendment. *In re Special Federal Grand Jury Empanelled October 31, 1985 (John Doe),* 809 F.2d 1023 (3d Cir.1987).

States, 1984, Mil.R.Evid. 305(e), recognizes that the right to the effective assistance of counsel is meaningless unless counsel is given an opportunity to attend the interrogation of his client. The rule requires that once an investigator is on notice that an accused has counsel as to the matter under investigation, then counsel must be notified of an intended interrogation and given a reasonable time in which to attend the interrogation. Military Rule of Evidence 305(e) is to be construed liberally. *United States v. Spencer*, 19 M.J. 184, 187 (C.M.A. 1985). Where counsel notification applies, "a waiver of the right to counsel is not effective unless the prosecution demonstrates by a preponderance of the evidence that reasonable efforts to notify the counsel were unavailing or that the counsel did not attend an interrogation scheduled within a reasonable period of time after the required notice was given." Mil.R.Evid. 305(g)(2).

 We agree with the military judge's findings that MAJ C was on notice that SA J was waiting to interview the appellant and that MAJ C expressed no interest or concern in appearing at the interrogation. We specifically reject the defense argument that there were two interviews. Factually, there was only one interview which MAJ C, knowing that SA J was waiting in the wings, chose not to attend.[3] *Cf. United States v. Fountain*, 22 M.J. 561, 563 (A.F.C.M.R.1986) (notice to counsel of intended request for polygraph examination sufficient to comply with notice re-

quirement; polygraph process one operation "which entitles the defense counsel to only one notice.") We hold that when, as here, counsel declines the opportunity to be present at an immediately pending interrogation and an accused, after consulting with his counsel and invoking his rights, then himself initiates further communication with the investigator and voluntarily repudiates the exercise of those rights, indeed declares that the investigator is to "forget" about counsel, no further notice under *McOmber* or Mil.R.Evid. 305(e) is required.[4] *Cf. United States v. Barnes*, 19 M.J. 890 (A.C.M.R.1985), *affirmed*, 22 M.J. 385 (C.M.A.1986) (no obligation to inform counsel that accused about to make voluntary and unsolicited statement). *See generally United States v. Turner*, 5 M.J. 148, 149 (C.M.A.1978) (after consultation with counsel, an accused may ignore his counsel's advise). Since the statement at issue was voluntary and not taken in violation of the appellant's rights, we find no error in its admission.

## II

 Appellant also contends that the military judge erred by failing to dismiss the 14 specifications of Charge III alleging the making of false checks as multiplicious for findings with the 14 companion specifications of Charge III alleging the uttering of the same checks. We agree. The military judge made no findings as to whether the making and uttering of each check occurred at the same time and place.[5] In

**3.** We note our concern with the limited nature of the representation undertaken by MAJ C. See note 1, *supra*. We have carefully examined the record of trial in this case and we are satisfied that the appellant was not denied the effective assistance of counsel, especially in the period between his consultation with MAJ C and CPT O's active entry into the case.

**4.** Also contested at trial was whether SA J, during the exemplar-taking, engaged in the "functional equivalent" of interrogation. *See Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). The military judge found that SA J did not attempt to interrogate the appellant in violation of his right to counsel. We agree. The taking of the exemplars at the CID office by the criminal investigator was not

a subterfuge to place the appellant in a coercive interrogation environment that was likely to undermine the appellant's previous invocation of his rights. After the appellant exercised his rights, SA J asked the appellant no questions about the offenses or his conduct until the appellant himself initiated further communication. *See generally Oregon v. Bradshaw*, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983) (plurality); *Wyrick v. Fields*, 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982) (per curiam); *United States v. Applewhite*, 23 M.J. 196 (C.M.A. 1987).

**5.** The military judge found that the preparation of a forged document and its uttering "may be done at different times and at different loca-

our independent review of the record pursuant to our authority under Article 66(c), UCMJ, 10 U.S.C. § 866(c), and from our examination of the language of the specifications, we find that the allegations under the uttering charges "fairly embraced" the elements of the making charges. *United States v. Baker*, 14 M.J. 361, 368 (C.M.A. 1983). Accordingly the "making" specification as to each check is multiplicious for findings purposes with the corresponding "uttering" specification. *See United States v. Lauderdale*, 19 M.J. 582 (N.M.C. M.R.1984); *cf. United States v. Mora*, 22 M.J. 719 (A.C.M.R.1986) (no multiplicity for findings where record left no doubt that there was a significant hiatus between the acts of making and uttering). We will correct the error by consolidating the challenged specifications. *See United States v. Kinney*, 22 M.J. 872 (A.C.M.R.1986).

### III

 Specifications 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, and 27 of Charge III are consolidated with Specifications 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, and 28 of Charge III, respectively, by inserting in each of the latter specifications after the words "with intent to defraud" the words "falsely make in its entirety and." The findings of guilty of Charge III and its consolidated specifications, and of Charges I and II and their specifications are affirmed. Since the military judge denied the defense motion that the making and uttering specifications be treated as multiplicious for sentencing, we will reassess the sentence.

### IV

The other assignment of error personally raised by the appellant has been duly considered and found to be without merit.

Reassessing the sentence on the basis of the error noted and the entire record, we affirm only so much of the sentence as provides for a dishonorable discharge, con-

tions and even as a result of different motivations." Such an abstract holding is of no assist-

finement for four years, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

Judge LYMBURNER and Judge CARMICHAEL concur.

ance where a factual determination is required.