UNITED STATES

v.

**Staff Sergeant Marvin J. MACHADO, FR 088–54–0998, United States Air Force.**

**ACM 27336.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 June 1988.

Decided 31 Aug. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain William E. Boyle.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Kathryn I. Taylor and Major Carole W. Hanson.

Before HODGSON, SPILLMAN and PRATT, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

■ Unlike civilian courts which exercise continuing jurisdiction, a military court hears only those cases which have been referred to it. Thus, a court-martial's existence is transitory and may be extinguished by rulings made at trial. The declaration of a mistrial is one such ruling.

■ The authority for a trial judge to declare a mistrial is contained in R.C.M. 915 * and is an exercise of the President's authority to prescribe rules for military courts. Article 36, UCMJ, 10 U.S.C. § 836; *see also Levy v. Resor,* 17 U.S.C.M.A. 135, 37 C.M.R. 399 (1967). A mistrial occurs when a "jury," i.e., court members, are discharged without a verdict. *Minter v. State,* 122 Ga.App. 695, 178 S.E.2d 335 (1970). The declaration of a mistrial puts an accused in the same position he was before trial. It is not an acquittal and does not result in the dismissal of the charges. *United States v. Platt,* 21 U.S.C.M.A. 16, 44 C.M.R. 70 (1971). In military practice a mistrial results in the charges being withdrawn from the court-martial and returned to the convening authority for further disposition. R.C.M. 915(c). Therefore, the trial judge who grants a mistrial loses jurisdiction in the case and his rulings prior to the time of the mistrial are void.

In the appeal before us, the trial judge denied the appellant's mistrial motion, but afforded the appellant all the safeguards that granting such a motion would entail.

Six days into the trial, the president of the court and the senior enlisted member were seen reading a Manual for Courts–Martial during a recess. *See United States v. Hawks,* 19 M.J. 736 (A.F.C.M.R. 1984). After an evidentiary hearing into the matter, the appellant's civilian counsel moved for a mistrial. The trial judge excused the two offending members, but denied the mistrial motion, choosing instead to excuse the remaining seven members because of his concern that "the remaining members [would] not be able to resolve this case without substantial doubt as to their decision." The judge based his excusal of these seven members on the fact that they had heard the staff judge advocate upbraid the two members who read the Manual.

The trial judge's excusal of the two members did not reduce the membership of the court below the quorum needed to convene a general court-martial. *See* Article 16(1)(A), UCMJ, 10 U.S.C. § 816(1)(A). Of course, when he excused the remaining seven, a quorum was not present. When a new member is detailed after the presentation of evidence on the merits, the Code and Manual provide that the evidence taken on the merits will be read to the new member. Article 29(a), UCMJ, 10 U.S.C. § 829(a); R.C.M. 805(d)(1). Here, after directing the trial counsel to contact the convening authority about appointing a new panel to hear the case, the trial judge ruled that the testimony taken thus far would not be read to the new members. Instead, he ordered that the witnesses be recalled and their testimony heard *de novo.*

Approximately, six weeks later the new members were assembled and the appellant's trial began anew before a different

* RULE 915 MISTRIAL

(a) *In general.* The military judge may, as a matter of discretion, declare a mistrial when such action is manifestly necessary in the interest of justice because of circumstances arising during the proceedings which cast substantial doubt upon the fairness of the proceedings. A mistrial may be declared as to some or all charges, and as to the entire proceedings or as to only the proceedings after findings.

(b) *Procedure.* On motion for a mistrial or when it otherwise appears that grounds for a mistrial may exist, the military judge shall inquire into the views of the parties on the matter and then decide the matter as an interlocutory question.

(c) *Effect of declaration of mistrial.*

(1) *Withdrawal of charges.* A declaration of a mistrial shall have the effect of withdrawing the affected charges and specifications from the court-martial.

(2) *Further proceedings.* A declaration of a mistrial shall not prevent trial by another court-martial on the affected charges and specifications except when the mistrial was declared after jeopardy attached and before findings, and the declaration was:

(A) An abuse of discretion and without the consent of the defense; or

(B) The direct result of intentional prosecutorial misconduct designed to necessitate a mistrial.

panel, but with the same military judge. Thereafter, the hearing took the course of any contested trial. Motions not previously heard were ruled on; *voir dire* was conducted; and peremptory challenges and challenges for cause were exercised.

Appellate defense counsel now claim that the trial judge's refusal to grant a mistrial resulted in the appellant being denied due process.

■ To paraphrase Shakespeare, a mistrial by any other name is still a mistrial. While we do not endorse, and *strongly counsel* against the procedure used by the trial judge, we see no prejudice in the instant circumstances. Notwithstanding that the judge declined to use the word, the appellant was granted the mistrial he sought. Admittedly, the charges were not withdrawn and re-referred as called for by R.C.M. 915, but the convening authority had over a month to decide whether he wanted to continue the trial, i.e., appoint a new panel or let the matter drop. The appointment of members by him was tacit approval of retrial of the charges. The procedure the trial judge employed was irregular, but it afforded the appellant every protection that an accused gets on a rehearing following a declared mistrial. Thus military due process was met and the judge's departure from the Manual provision governing mistrials was harmless error. *See generally United States v. Mora,* 22 M.J. 719 (A.C.M.R.1986).

■ Let there be no misunderstanding about our decision today. The trial judge erred when he sought to create a hybrid procedure that operates as a mistrial but is not. Allowing a military judge to preserve prior rulings in the event of a mistrial would expand his role and authority. However, this should be accomplished by a change to the trial procedures found in R.C.M. 915, MCM 1984. *See United States v. Griffith,* 27 M.J. 42 (C.M.A.1988 Cox, J. concurring). It cannot be done unilaterally by a trial judge. To do so usurps the President's authority under Article 36 of the Code. Of course, the President's authority to prescribe procedural rules for courts-martial is limited by a requirement that such rules be consistent with the Constitution and other laws. *Ellis v. Jacob,* 26 M.J. 90 (C.M.A.1988); *United States v. Kelson,* 3 M.J. 139 (C.M.A.1977). There is no Constitutional or statutory impediment to R.C.M. 915 as it is presently written.

Finally, the appellant argues that the court-martial did not have *in personam* jurisdiction over him because his enlistment expired on 13 January 1988, some five months before his trial. The record of trial and the case law do not support his position. Article 2(a)(1), UCMJ, 10 U.S.C. § 802(a)(1); R.C.M. 202(c)(1); *see United States v. Fitzpatrick,* 14 M.J. 394 (C.M.A. 1983). For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

Judges SPILLMAN and PRATT concur.